### TERRY v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. August 3, 1925.)

No. 4433.

**1. Indictment and information ⬥176 — Although charge of conspiracy is not limited by averments as to time when, or place where, formed, it is limited by terms of indictment itself.**

Although, ordinarily, charge of conspiracy is not circumscribed or limited by averments as to time when, or place where, conspiracy was formed, it is limited by terms of indictment itself.

**2. Conspiracy ⬥43(12) — Under indictment charging but one conspiracy, accused cannot be convicted, except on showing that he was member of or party to such conspiracy.**

Where indictment for conspiracy to violate National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) charged but one combination or conspiracy, which had many different objects, no accused could be convicted thereunder, unless shown to be member of, or party to, such conspiracy.

**3. Conspiracy ⬥43(12) — Scope of conspiracy must be gathered from testimony, and not from averments of indictment.**

Scope of conspiracy must be gathered from testimony, and not from averments of indictment, which may limit scope, but cannot extend it.

**4. Conspiracy ⬥48—Under indictment alleging conspiracy at one place to violate National Prohibition Act, instruction permitting evidence of another violation to be considered held error.**

In prosecution for conspiracy at certain time and place to violate National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), in absence of testimony tending to show that accused persons, assembled at such place, were parties to conspiracy to transport, possess, or sell intoxicating liquor at another place six weeks prior thereto, or had any knowledge of such transaction, instruction permitting evidence of violation of Prohibition Act at such other place to be considered constituted reversible error.

**5. Criminal law ⬥1169(11)—Proof that accused was guilty of crime not charged in indictment held prejudicial.**

In prosecution for conspiracy to violate National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) at certain time and place, proof that one of accused was concerned in violation of such act at another place six weeks prior thereto was prejudicial, in absence of testimony tending to connect conspiracy alleged with such offense.

**6. Criminal law ⬥778(2)—Instruction that, if acts of parties gave rise to reasonable and just inference of being done as result of previous agreement, finding conspiracy was proper, held error.**

In prosecution for conspiracy to violate National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) instruction that, if acts of parties were committed in manner or under circumstances which, by reason of their situation and conditions surrounding them, give rise to reasonable and just inference that they were result of previous agreement, jury could find existence of conspiracy to do those acts, was error, in view of presumption of innocence of accused until proven guilty.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge.

S. Terry was convicted of conspiracy to violate the National Prohibition Act, and he brings error. Reversed and remanded for new trial.

Wilford H. Tully, of San Francisco, Cal., for plaintiff in error.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. On or about June 19, 1922, a number of prohibition agents gained information from some source that a large quantity of inxtoxicating liquors was about to be landed at Allen's Wharf, in Monterey county, and that the liquors so landed would be removed from the wharf by automobiles. The agents concealed themselves in the vicinity of the wharf until the automobiles, to the number of a dozen or 15, appeared upon the scene to remove the liquor, and while the occupants of the automobiles were thus engaged they were apprehended by the agents, and the liquors, together with the automobiles, were seized. Such is the brief story told by the record, yet the indictment covers 38 pages of the printed transcript, and is said to contain upwards of 8,000 words.

The indictment charges that the defendants, to the number of 16, did, at or near Allen's Wharf, in the county of Monterey, on or about the 1st day of November, 1921, the real and exact date being to the grand jurors unknown, conspire and confederate together to commit offenses against the United States in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), to the number of 10, and sets forth a large number of overt acts to effect the object of the conspiracy. Upon the trial the case was submitted to the jury as to 9 of the defendants, and a verdict of guilty was returned as to 5, and not guilty as to 4. Terry, one of the defendants found guilty, has sued out a writ of error to review the judgment of conviction.

Upon the trial the court admitted testimony, over objection and exception, tending to prove that, about 6 weeks prior to the incident at Allen's Wharf, the plaintiff in error employed one Frohn to transport several barrels of intoxicating liquor from Bodega Bay to a ranch house in the vicinity of Petaluma; that at or about the same time the defendant Zucker rented a barn from one Sousa in that vicinity, and that 9 barrels of intoxicating liquor were stored therein. There was no testimony of any kind, direct or circumstantial, tending to connect any of the other defendants with this prior incident or transaction. Upon the foregoing facts the court charged the jury as follows:

"It is not necessary that the government prove each and all of the overt acts charged in the indictment, nor even the specific act therein charged. Evidence was introduced here of another overt act, known as the Bodega Bay incident; that would be sufficient to sustain the charge as against at least the defendants whom you find concerned therein. It is sufficient if the jury are satisfied that a conspiracy was entered into for the purpose charged, and that some one or more of the parties did some one of the acts charged for the purpose of carrying it into effect."

Again:

"In arriving at your verdict as to whether or not there was a conspiracy, and, if so, which, if any, of the defendants were parties to it, you are not confined to evidence of a common design to land, transport, sell, or possess the liquor at Allen's Wharf, but you may consider whether or not any of these parties conspired to land, transport, sell, or possess liquor generally, or at any other place. The landing and attempted sale, transportation, or possession at Allen's Wharf, if you believe there was such attempted sale, transportation, or possession, was but the overt act as previously defined to you. * * * There is testimony that the defendant Terry employed the witness Lawrence Frohn, brother of defendant Edison Frohn, to transport liquor to and from a farm near Petaluma. Then there is evidence that the defendant Zucker rented a barn near Petaluma, and that barrels of whisky were stored in this barn, and transported from there in demijohns. This evidence, if it is believed by you to be true, and you believe this was the same farm, is evidence of a common design to transport and possess liquor as to the defendants Terry and Zucker."

[1-3] These instructions were duly excepted to. The plaintiff in error contends that the charge in the indictment is limited to a conspiracy entered into at or near Allen's Wharf, in the county of Monterey, and does not extend to or include the prior incident at Bodega Bay. Ordinarily a charge of conspiracy is not circumscribed or limited by averments as to the time when or the place where the conspiracy was formed. The charge is limited, however, by the terms of the indictment itself. The indictment here charges but one combination or conspiracy, however diverse its objects, and no defendant could be convicted thereunder unless he was shown to be a member of or party to that conspiracy. Furthermore, the scope of

the conspiracy must be gathered from the testimony, and not from the averments of the indictment. The latter may limit the scope but cannot extend it.

[4] Here we find no testimony tending to show any general conspiracy covering and including both the incident at Allen's Wharf and the incident at Bodega Bay. On the other hand, every inference from the testimony is to the contrary. There is no testimony tending to show that the parties assembled at Allen's Wharf were parties to a conspiracy to transport, possess, or sell intoxicating liquor at Bodega Bay, six weeks before, or that they had any knowledge whatever of that transaction. In short, there is no testimony in the record tending to connect the defendants, other than Terry and Zucker, with any conspiracy, except such inferences as may be drawn from their presence at or connection with the incident at Allen's Wharf, and all the overt acts relate to that incident alone. The indictment charges no conspiracy to transport, possess, or sell intoxicating liquor at Bodega Bay, in terms, and avers no overt act to effect the object of such a conspiracy, if one existed.

In ruling upon the admission of testimony, and in the charge to the jury, the court proceeded upon the theory that some of the defendants might be convicted of one conspiracy and some of another; that is, that the plaintiff in error and the defendant Zucker might be convicted of a conspiracy to transport, possess, or sell intoxicating liquor at Bodega Bay, and the remaining defendants of a conspiracy to transport, possess, or sell intoxicating liquor at Allen's Wharf, even though the two conspiracies and the parties thereto were entirely different. The rulings admit of no other construction.

"If, however, the charge of conspiracy in the indictment is merely that all the defendants had a similar general purpose in view, and that each of four groups of persons were co-operating without any privity each with the other, and not towards the same common end, but toward separate ends similar in character, such a combination would not constitute a single conspiracy, but several conspiracies, which not only could not be joined in one count, but not even in one indictment." United States v. M'Connell (D. C.) 285 F. 164.

[5] In other words, a conspiracy is not an omnibus charge, under which you can prove anything and everything, and convict of the sins of a lifetime. For these reasons the rulings complained of are erroneous and call for a reversal. Proof that the plaintiff in error was guilty of another crime was in itself prejudicial, and an instruction that he might be convicted of a crime not charged in the indictment cannot be sustained.

[6] In view of a retrial of the case, we deem it proper to refer to one of the instructions complained of. The instruction is as follows:

"The formation or existence of a conspiracy may be shown either by direct or positive evidence, such as declarations or writings, or by circumstantial evidence, such, for instance, as showing that the parties charged acted together or in concert, or in a manner or under circumstances warranting the inference that their acts were the result of previous understanding or arrangement between them. The law does not require the prosecution to put their finger upon the precise method or manner in which a conspiracy of this kind is entered into, if the facts that may be adduced before you show such an arrangement did exist between the defendants to do the acts charged, because it would be impossible, in 99 cases out of 100, for the government to undertake such proof. Things are not done in that way. The existence of a conspiracy may be manifested either in words or deeds. In this case, therefore, even though you may find that there was no open or express declaration of purpose on the part of these defendants or the other parties concerned to unite in doing the acts charged, yet if you find that the acts of the parties were committed or accomplished in a manner or under circumstances which, by reason of their situation at the time and the conditions surrounding them, *give rise to a reasonable and just inference that they were done as the result of a previous agreement then you are justified in finding that a conspiracy existed between them to do those acts.*"

The italicized portion of the instruction does not contain a correct statement of the law.

"It is also true, in cases of conspiracy, as in other criminal cases, that the prisoner is presumed to be innocent until the contrary is shown by proof; and, where that proof is, in whole or in part, circumstantial in its character, the circumstances relied upon by the prosecution must so distinctly indicate the guilt of the accused as to leave no reasonable explanation of them which is consistent with the prisoner's innocence." United States v. Lancaster (C. C.) 44 F. 896, 904, 10 L. R. A. 333.

"I have stated to you that the offense may be established by circumstantial evidence; but circumstantial evidence, to warrant a conviction in a criminal case, must be of such a character as to exclude every reasonable hypothesis but that of guilt of the offense imputed to the defendant, or, in other words, the facts proved must all be consistent with and point to his guilt only, and inconsistent with his innocence. The hypothesis of guilt should flow naturally from the facts proven, and be consistent with them all. If the evidence can be reconciled either with the theory of innocence or with guilt, the law requires that the defendant be given the benefit of the doubt, and that the theory of innocence be adopted." United States v. Richards (D. C.) 149 F. 443, 454.

This rule is elementary, and facts which merely give rise to a reasonable and just inference that a conspiracy existed do not necessarily exclude every other reasonable inference or hypothesis, unless it can be said that only one just and reasonable inference may be drawn from a given state of facts. The latter proposition, of course, cannot be maintained. Nor is it entirely clear that the specific erroneous charge as to the quantum of proof required to establish a conspiracy was cured by a correct general charge on the presumption of innocence or the legal requirement of proof beyond a reasonable doubt. This question however, we are not called upon to determine on the present record.

For error in the admission of testimony as to the Bodega Bay incident, and the charge of the court in relation thereto, the judgment is reversed, and the cause is remanded for a new trial.