## CROWLEY v. UNITED STATES. *

(Circuit Court of Appeals, Ninth Circuit. October 5, 1925.)

No. 4494.

**1. Criminal law** ⬤⟹369(1) 1169(11)—**Evidence of other offense held error and prejudicial.**

In trial for conspiracy to violate National Prohibition Law (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), admission of prohibition agent's testimony, that he arrested defendant and seized liquor being transported by him on date seven months before that on which conspiracy was alleged to have begun, *held* error and prejudicial; such evidence being wholly collateral to issue as to place, time, and circumstances of conspiracy charged.

**2. Criminal law** ⬤⟹371(1, 12)—**Evidence of like offenses in carrying on common enterprise inadmissible, without showing connection raising fair inference of common motive.**

In conspiracy case, where evidence tends to prove that defendant and others entered into common scheme to commit crime, such as transportation of liquor, evidence of other like offenses by defendant in carrying on common enterprise is relevant as showing his knowledge or intent, if such connection between different transactions is shown as raises fair inference of common motive in each.

**3. Conspiracy** ⬤⟹48—**Evidence held sufficient for jury, in trial for conspiracy to violate prohibition law.**

Evidence of what occurred at time of arrest of defendant and others *held* sufficient for jury, in trial for conspiracy to violate National Prohibition Law (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Frank D. Crowley was convicted of conspiracy to violate the National Prohibition Law, and he brings error. Reversed, and remanded for new trial.

Otto Christensen, O. N. Hilton, and Verge & Cooney, all of Los Angeles, Cal., and James B. O'Connor, of San Francisco, Cal., for plaintiff in error.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

*Rehearing denied December 7, 1925.

HUNT, Circuit Judge. Writ of error by Crowley, who, with one Lucas, was convicted of conspiracy to violate the National Prohibition Law (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The indictment charges that Crowley and three others, on or about March 20, 1924, willfully combined and continued thereafter up to the date of the indictment to possess and transport and purchase intoxicating liquor. Overt acts alleged were that Crowley and Sasso and one Lucas went to the plant of the Union Construction Company, at Oakland, with intent to buy and possess certain liquor; that they caused automobiles and trucks to go to a certain place in the yard of the construction company for purposes of loading liquor; that they helped to load the trucks with some 2,500 quarts of liquors.

There was evidence to the following effect: Early in the morning of March 25, 1924, prohibition agents and police officers went to the yards of the construction company and found a Dodge sedan on the side of the road. The watchman of the yards was discovered with intoxicating liquor in a sack. After arresting him the officer went to the edge of the water and saw three men loading a truck. The officers announced who they were, whereupon the men tried to escape. One succeeded, but two were arrested. The officers then found 389 sacks containing bottles of whisky. Crowley was standing at the door of a small shack a short distance away. He was arrested.

After his arrest, Crowley told the police that his name was Dailey, and that he had recently come from Los Angeles in a Dodge car. Crowley took the stand in his own behalf. He said he had known Lucas, a codefendant, for 4 years; that by chance he met him at 10:30 o'clock on the night of March 25; that the two went to a hotel; that Lucas asked him to take him for a ride and wanted to go to the dock, saying that he expected "some stuff"; that he took Lucas to the place where the Dodge car was subsequently found; that he thought Lucas was expecting liquor; that Lucas told him there would be no trouble; that he suspected no trouble; that he saw the piles of sacks; that, while Lucas went to see some one, he went to the shack to get out of the weather, which was raining; that he saw the truck go to the dock.

[1] Plaintiff in error contends that his rights were prejudiced by the admission of certain evidence. A prohibition agent called upon the direct case of the government was asked if he had ever seen the defendant, Crowley. Witness said he saw him on the night of August 13, 1923. Defendant objected to any evidence of anything that had occurred at that date. Counsel for the prosecution stated that he proposed to show that Crowley was arrested for the transportation of liquor on the day named by the witness; that the liquor was seized and taken into custody. The court overruled the defendant's objections, and admitted the testimony as tending to show knowledge and intent with which the crime charged in the indictment was committed, if it was committed at all. The witness then testified that upon August 13th he had seen and arrested defendant, Crowley, at Gilroy, Cal. (which is about 80 miles south of Oakland), and had seized 40 cases of liquor, which were afterwards turned over to the prohibition authorities, and that Crowley was arrested under the name of Dailey. On cross-examination, witness said that no information was ever filed against Crowley; that Crowley never had been convicted and never had pleaded guilty.

We cannot avoid the conclusion that it was prejudicial error to admit evidence of the occurrence of August 13th. It does not appear to have had any relation whatever to the charge of conspiracy for which Crowley and his codefendant were on trial. It did not tend to show that he had acted in combination with any one named in the conspiracy charged, or that his possession of liquor in August was part of a plan to violate the prohibition law at subsequent times, or that in any way it was connected with the offense under consideration. It was wholly collateral to the issue on trial as to place, time, and circumstances, and the evidence of it should not have been introduced. Terry v. United States (C. C. A.) 7 F.(2d) 28 (Aug. 3, 1925).

[2] It is not doubted at all that in a conspiracy case, where the evidence tends to prove that the defendant and one or more persons have entered into a common scheme to commit a crime such as unlawfully to transport liquor, evidence of other like offenses, committed by defendant in carrying on the common enterprise, is relevant as showing the knowledge or intent of the defendant. But, in order to make such evidence admissible, there must be such a showing of connection between the different transactions as raises a fair inference of a common motive in each. Griggs v. United States, 158 F. 572, 85 C. C. A. 596. Here there was no ground for any such inference. The obvious effect of the admission of the

evidence was highly prejudicial and requires a reversal of the judgment.

[3] In case new trial is had, we think that the evidence of what occurred on March 25th was sufficient to submit to the jury.

Reversed, and remanded for a new trial.