## RUBIO et al. v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
November 28, 1927.

No. 5132.

1. Conspiracy ⬳43(6)—Indictment for conspiracy to possess and transport intoxicating liquor held sufficient (National Prohibition Act [27 USCA]; Cr. Code, § 37 [18 USCA § 88]).

Indictment charging that defendants did, within court's jurisdiction, on or about certain date, exact time and place being to grand jurors unknown, and at all times thereafter up to and including date of filing indictment, combine, confederate, and agree together and with divers other persons, whose names are to grand jurors unknown, to possess and transport intoxicating liquor in violation of National Prohibition Act (27 USCA) and committed certain overt acts to effect object of conspiracy, held sufficient under Criminal Code, § 37 (18 USCA § 88).

2. Conspiracy ⬳43(6)—Conspiracy to possess and transport intoxicating liquors and parties thereto held sufficiently described in indictment, without stating names of alleged unknown conspirators since ascertained (National Prohibition Act [27 USCA]; Cr. Code, § 37 [18 USCA § 88]).

Parties to conspiracy to possess and transport intoxicating liquor in violation of National Prohibition Act (27 USCA) and the conspiracy itself held sufficiently described in indictment, under Criminal Code, § 37 (18 USCA § 88), charging that defendants did combine, confederate, and agree together and with divers other persons, whose names are to grand jurors unknown, without requiring government to set forth names of unknown conspirators ascertained since return of indictment.

3. Indictment and information ⬳86(2), 87(2) —Time and place of conspiracy to possess and transport intoxicating liquor held sufficiently fixed by overt acts charged in indictment (National Prohibition Act [27 USCA]; Cr. Code, § 37 [18 USCA § 88]).

Time and place of formation of conspiracy to possess and transport intoxicating liquor in violation of National Prohibition Act (27 USCA) held sufficiently fixed by overt acts set forth in indictment, under Criminal Code, § 37 (18 USCA § 88), without requiring government to specify particular time and place, which were unknown to it.

4. Indictment and information ⬳121(2)— Bill of particulars, setting forth every act connecting each defendant with conspiracy to possess and transport intoxicating liquor, cannot be required (Cr. Code, § 37 [18 USCA § 88]; National Prohibition Act [27 USCA]).

Government cannot be required to make complete discovery of its entire case by filing bill of particulars setting forth every act tending to connect each of parties charged with conspiracy, in violation of Criminal Code, § 37 (18 USCA § 88), to possess and transport intoxicating liquor contrary to National Prohibition Act (27 USCA); court having ample power to protect defendant against surprise by granting continuance or new trial.

5. Indictment and information ⬳121(1)—Application for bill of particulars is addressed to court's sound discretion.

Application for bill of particulars is addressed to sound discretion of court, whose denial thereof should not be disturbed, in absence of abuse.

6. Criminal law ⬳372(6)—Evidence of landing intoxicating liquors before date of overt acts charged in indictment for conspiracy to possess and transport such liquors held admissible (Cr. Code, § 37 [18 USCA, § 88]; National Prohibition Act [27 USCA]).

In trial for conspiracy, in violation of Criminal Code, § 37 (18 USCA § 88), to possess and transport intoxicating liquor contrary to National Prohibition Act (27 USCA), testimony as to landing such liquor, by arrangement with owner of ocean shore farm, on several occasions before date of overt acts charged in indictment, held admissible, in view of evidence that previous acts were committed by same parties as part, and in pursuance of, conspiracy charged.

7. Criminal law ⬳404(4)—Coat, bill, and signal code abandoned by fleeing defendants held admissible in trial for conspiracy to possess and transport intoxicating liquor (Cr. Code, § 37 [18 USCA § 88]; National Prohibition Act [27 USCA]).

In trial for conspiracy, in violation of Criminal Code, § 37 (18 USCA § 88), to possess and transport intoxicating liquor, contrary to National Prohibition Act (27 USCA), a coat with one defendant's name on collar, a bill rendered to two defendants for labor and article purchased, and a signal code in coat pocket, found on beach after defendants, engaged in landing liquor, fled when officers appeared, held admissible, if properly identified.

**8. Criminal law ⬤⇒741(1)—Sufficiency of identification of articles abandoned by fleeing defendants held for jury in trial for conspiracy to possess and transport intoxicating liquor (Cr. Code, § 37 [18 USCA § 88]; National Prohibition Act [27 USCA]).**

Sufficiency of identification of coat, bill, and signal code, found on beach after defendants, engaged in landing liquor thereon, fled, *held* for jury in trial for conspiracy, in violation of Criminal Code, § 37 (18 USCA § 88), to possess and transport such liquor, contrary to National Prohibition Act (27 USCA).

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Paul Rubio, Thomas Murphy, and Percy Allender were convicted of conspiring to possess and transport intoxicating liquor in violation of the National Prohibition Act, and they bring error. Affirmed.

Kenneth C. Gillis, of Oakland, Cal., for plaintiffs in error Rubio and Allender.

Edwin V. McKenzie, of San Francisco, Cal., for plaintiff in error Murphy.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before HUNT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of conviction under section 37 of the Criminal Code (18 USCA § 88). Error is assigned in the overruling of demurrers to the indictment, in the denial of the motion to quash the indictment, in the denial of motions or demands for bills of particulars on behalf of two of the plaintiffs in error, and in the overruling of motions in arrest of judgment. These four assignments may well be considered together.

[1] The indictment is prolix, and many of its recitals of laws and regulations might well have been omitted; but, rejecting these as surplusage, we find that the indictment charges in plain and concise language that the defendants did, within the jurisdiction of the court below, on or about January 1, 1924, the exact time and place being to the grand jurors unknown, and at all times thereafter up to and including the date of the filing of the indictment, combine, confederate, and agree together and with divers other persons, whose names are to the grand jurors unknown, to possess and transport intoxicating liquor in violation of the National Prohibition Act (27 USCA), and that certain overt acts were committed to effect the object of

the conspiracy. This form of indictment has been so often approved by this court that its sufficiency is no longer open to question. Terry v. United States (C. C. A.) 7 F.(2d) 28; Ford v. United States (C. C. A.) 10 F. (2d) 339; Id., 273 U. S. 593, 47 S. Ct. 531, 71 L. Ed. 793.

The plaintiffs in error, Rubio and Murphy, demanded bills of particulars setting forth, first, the names of any of the unknown conspirators whose names had become known to the government since the return of the indictment; second, the particular time and place of the formation of the conspiracy; and, third, the particular acts committed by each of the demanding parties, connecting him with the conspiracy charged, together with the times and places when and where such acts were committed, and the particular acts committed by each of the demanding parties in furtherance of the object of the conspiracy, together with the dates and places when and where such acts were committed, otherwise than as set forth in the indictment.

[2] 1. We think the parties to the conspiracy and the conspiracy itself were sufficiently described in the indictment, without requiring the government to set forth the names of the unknown conspirators whose names had been ascertained since the return of the indictment. Indeed, there was nothing in the demand or in the record itself to indicate that the names of any of the conspirators had been ascertained by the government since the return of the indictment.

[3] 2. Speaking generally, the government has no knowledge of the exact time or place of the formation of the conspiracy, and to require it to specify the particular time and place, and limit the proof to that time and place, would defeat almost every prosecution under this act. For these reasons, we are satisfied that the time and place of the formation of the conspiracy are sufficiently fixed by the overt acts set forth in the indictment. Fisher v. United States (C. C. A.) 2 F.(2d) 843; Woitte v. United States (C. C. A.) 19 F.(2d) 506.

[4] 3. To require the government to set forth every act tending to connect each of the parties charged with the conspiracy, and every act committed by each of the parties in furtherance of the object of the conspiracy, would be to require it to make a complete discovery of its entire case. Such is not the office or function of a bill of particulars. In almost every prosecution facts and circumstances are given in evidence of which the charge in the indictment gives no notice. If

the defendant is taken by surprise, the court has ample power to protect him by granting a continuance upon a proper showing, or by granting a new trial if his rights cannot otherwise be safeguarded; but, if not taken by surprise, he has no just ground for complaint.

[5] "The application for the bill of particulars was one addressed to the sound discretion of the court, and, there being no abuse of this discretion, its action thereon should not be disturbed. * * * And there is nothing in the record indicating that the defendant was taken by surprise in the progress of the trial, or that his substantial rights were prejudiced in any way by the refusal to require the bill of particulars." Wong Tai v. United States, 273 U. S. 77, 47 S. Ct. 300, 71 L. Ed. 545. There was, therefore, no error in overruling the different objections to the indictment, nor in the denial of the demands for bills of particulars.

[6] The government offered testimony tending to prove that one Steele, an accomplice of the plaintiffs in error, owned a farm on the ocean shore in San Mateo county, south of San Francisco, where he had resided for a number of years; that in the latter part of August, 1923, the plaintiff in error, Rubio made arrangements with Steele to land intoxicating liquor on his place, paying for the privilege at the rate of $1 per case; that pursuant to this arrangement 200 cases were landed early in September, 1923, 350 cases and 10 or 11 barrels in the latter part of November, 1923, 200 cases about Christmas, 1923, 240 cases on April 24, 1924, the date of the several overt acts charged in the indictment; and that both Rubio and Murphy took part in the arrangements for the landing of the liquor, and in the landing itself. The plaintiffs in error objected to the introduction of any testimony as to acts committed prior to April 24, 1924, contending that such testimony was inadmissible under the decisions of this court in Terry v. United States, supra, and Crowley v. United States (C. C. A.) 8 F.(2d) 118.

This contention cannot be sustained. In the Terry and Crowley Cases it was held that testimony tending to show the prior possession or transportation of intoxicating liquor by some of the parties charged was incompetent, unless the prior acts were in some way connected with the conspiracy charged in the indictment, and in the Terry Case it was further held that it was error to instruct the jury that some of the defendants might be convicted of one conspiracy and some of another. But here there was direct testimony on the part of the government tending to show that the previous acts committed by the same parties were so committed as a part and in pursuance of the conspiracy charged in the indictment. See Heike v. United States, 227 U. S. 131, 33 S. Ct. 226, 57 L. Ed. 450, Ann. Cas. 1914C, 128; Ford v. United States, supra; Bilodeau v. United States (C. C. A.) 14 F.(2d) 582; Madden v. United States (C. C. A.) 20 F.(2d) 289.

[7, 8] The parties engaged in landing liquor at the Steele ranch on April 24, 1924, fled when the officers appeared on the scene, leaving behind them certain articles of personal property. Among the property so abandoned was a truck which had been used in transporting liquor on previous occasions, and a coat found lying on the beach. On the seat of the truck was found a bill rendered to Murphy & Payne by the Enterprise Engine Company, of San Francisco, containing the statement: "Sold to Murphy & Payne, care of Paul Payne, 1145 Pacific Street, City. Elsie.—Labor on engine at boat shop, $106.30; 1 new bronze propeller shaft, $67.50." On the neckband, or collar, of the coat was a label reading: "J. J. Parente, Classy Tailoring, San Francisco. Mr. Paul Payne. Date, October 30/22." In the pocket of the coat was found some sort of a signal code, a more particular description of which does not appear in the record. It should be said in this connection that the plaintiff in error Rubio was known both as Paul Rubio and Paul Payne.

The bill or statement found in the seat of the truck, the coat found on the beach, and the signal code found in the pocket of the coat were admitted in evidence over objection, and the ruling is assigned as error. In Goodfriend v. United States (C. C. A.) 294 F. 148, two newspapers, containing printed labels bearing the name of one of the defendants, were found on premises where a still was in operation. The papers were admitted in evidence, and this court held that the evidence so admitted had some tendency to prove that the defendant whose name appeared on the labels was connected with the operation of the still. The coat and other papers offered in evidence in this case were clearly admissible under the ruling in that case, if properly identified, and the sufficiency of the identification was for the jury.

Some exceptions are urged to the instructions given by the court and to the refusal to instruct as requested; but the charge in its entirety was full and fair to the defendants, and is not open to the criticism urged by this

court against one of the instructions given in the Terry Case.

We find no error in the record, and the judgment is affirmed.