## HOAGLAND et al. v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
October 29, 1928.

No. 5472.

James B. O'Connor and Harold C. Faulkner, both of San Francisco, Cal., for plaintiffs in error.

Geo. J. Hatfield, U. S. Atty., and Geo. M. Naus, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. The indictment in this case charges a conspiracy to willfully, unlawfully, feloniously, and knowingly import into, and to sell, transport, deliver, and possess in, the United States, in-

872

toxicating liquors fit for beverage purposes, and the commission of numerous overt acts to effect the object of the conspiracy. A demurrer to the indictment was overruled, and a demand for a bill of particulars was denied. At the close of the testimony the defendants moved for an instructed verdict of not guilty, and this was denied. On the trial, a verdict of guilty was returned by the jury, and the present writ of error was sued out on behalf of certain of the defendants, to review the judgment of conviction. The only errors assigned are based on the rulings above set forth.

The objection to the indictment is that it charges that the sale, transportation, and possession of intoxicating liquor in the United States was felonious, whereas such acts are misdemeanors only. But the employment of the term "felonious" or "feloniously," in an indictment or information charging a misdemeanor, does not vitiate it. 31 C. J. 700, 701.

The indictment and demand for a bill of particulars are in all material respects similar to the indictment and demand in the case of Rubio v. United States (C. C. A.) 22 F.(2d) 766, where the denial of a demand for a bill of particulars by the trial court was affirmed by this court. What was said there is decisive of the question here presented.

The sufficiency of the testimony to support the verdict is so apparent that the assignment of error based on the ground of its insufficiency is entirely without merit. The testimony on the part of the government shows that from 12 to 14 persons were engaged in unloading intoxicating liquor from a boat south of Pigeon Point on the coast on the night of June 15, 1927. The liquor was brought to the shore by two dories and dumped on the beach. It was then hauled from the beach to the top of the hill or bank with a sled and cable, and then across the sand to automobiles and wagons. This testimony shows, clearly and convincingly, the existence of a conspiracy to violate the National Prohibition Act (27 US CA). A witness for the government testified that he was employed by the plaintiff in error Hoagland to assist in the work of unloading; Ashland and Petersen were present at the unloading, and admitted to government agents that they, too, were assisting therein, and, while the testimony against the plaintiff in error Stevens is less direct, it is clearly sufficient.

The judgment in the court below is affirmed.