## UNITED STATES v. KAM et al.
### No. C. D. 8815.

District Court, W. D. New York.
March 31, 1932.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Richard A. Grimm, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for the United States.

David Siegel, of Brooklyn, N. Y., for defendant Schlessinger.

Killeen & Sweeney, of Buffalo, N. Y., for defendant Danahy.

Henry Stern, of Buffalo, N. Y., for defendant Kam.

KNIGHT, District Judge.

The motion for the bill of particulars must be denied. The indictment alleges a conspiracy perpetrated between February 1, 1932, and March 1, 1932, at Buffalo, Erie county, N. Y., in that the defendants did conspire unlawfully to import liquors into this country, and that such conspiracy was committed at divers other places to the grand jury unknown and between divers other persons to the grand jury unknown. As overt acts it alleges that the defendant Arthur Kam paid over to defendant Young certain sums of moneys to import liquors; that the defendant Gustave Schlessinger, "on or about and during the month of February,

1932, the hour and exact dates of which are to this Grand Jury unknown," did row across the border between Canada and the United States, at a point unknown, quantities of ale and beer; and further that on or about and during the month of February, 1932, "the hours and exact dates of which are unknown to this Grand Jury," the defendant Glenn Danahy by means of an automobile transported ale and beer from a point on the Niagara river to a particular place in Buffalo.

Defendants ask that the government furnish a bill of particulars showing the particular dates and the approximate hour of each date when the defendants conspired and the particular dates and the approximate hours when the overt acts set forth in the indictment are claimed to have taken place.

The purpose of a bill of particulars, as is well known, is to inform the defendant of the particulars of the charge so that he may not be taken by surprise and may be in a position on his part to meet proofs offered by the government. A bill of particulars should not be required when it will unnecessarily limit the government in its proof and supply the defendants with information as to all the details which may be brought out upon the trial. This statement is particularly applicable to an indictment charging a conspiracy. The period of duration is here limited within a reasonable period as regards time. It would be unreasonable to require the government to state the particular date and approximate hours when all the acts constituting such conspiracy were committed.

The overt acts which are charged limit the proofs as regards the charge made. The overt acts in this case, except as to the one concerning payment of moneys to defendant Young, appear to be stated with as much particularness as to time and place as the government is informed. It is alleged that the transactions took place within the month of February, 1932, on dates of which the grand jury has no exact knowledge. As to the allegation charging payment of moneys by defendant Kam to defendant Young, the time of payments is limited within the period of a month and the defense may fairly be presumed to be able to meet these charges alleged to have arisen recently and concerning specific acts between one defendant and another.

Under the authority and reasoning of Rubio et al. v. U. S. (C. C. A.) 22 F.(2d)

766, 767, and other authorities in approval of the decision in that case, the motion for a bill of particulars should be denied. The defendants attempt to distinguish Rubio v. U. S., supra, from the case at bar, by the fact that the indictment in that case alleged a commission of the offense "on or about January 1, 1924, the exact time and place being to the grand jurors unknown, and at all times thereafter up to and including the date of the filing of the indictment." The argument is that had the indictment in the case at bar alleged that the conspiracy continued throughout the month of February, the defendants would not be entitled to a bill of particulars. In Rubio et al. v. U. S., supra, defendants had moved for a bill of particulars upon the ground, among others, that the particular time and place of the formation of the conspiracy, the particular acts committed by each of the defendants, and the times and places when and where such acts were committed, were not shown. The charge was conspiracy. The court in part said: "Speaking generally, the government had no knowledge of the exact time or place of the formation of the conspiracy, and to require it to specify the particular time and place, and limit the proof to that time and place, would defeat almost every prosecution under this act. * * * To require the government to set forth every act tending to connect each of the parties charged with the conspiracy, and every act committed by each of the parties in furtherance of the object of the conspiracy, would be to require it to make a complete discovery of its entire case. Such is not the office or function of a bill of particulars."