## WEISS v. UNITED STATES.
## BARTEOLETTI v. SAME.
## HEARN v. SAME.
### Nos. 6886–6888.

Circuit Court of Appeals, Third Circuit.
April 25, 1939.

Michael Serody, of Philadelphia, Pa., for appellants.

J. Lawrence Grim, Asst. U. S. Atty., of Philadelphia, Pa.

Before BIGGS and CLARK, Circuit Judges, and DICKINSON, District Judge.

### DICKINSON, District Judge.

These appeals all raise the one question and may be discussed as one. The real complaint is that the appellants were convicted of a charged crime, which they did not commit, on proof of their guilt of another crime with the commission of which they were not charged. The indictment charges a conspiracy. Such cases present difficulties. The overt act is usually the commission of the substantive offense. The conspiracy Statute contemplates offenses of very different gravity. The sentence which may be imposed for the conspiracy is thus often much heavier than that which could be imposed for the substantive offense. We thus have the anomaly of the conspiracy to commit an offense being more severely punished than the committed crime. It is difficult to conceive of a crime committed by two or more without a conspiracy to commit it. It is easy to distinguish them as two different offenses and yet the truth is that the conspiracy is merged in the substantive crime upon its commission. Conspiracy indictments have become very common. At first the two offenses were charged in separate counts. Then was followed, as here, the practice of indicting only for the conspiracy This often, and almost always, results in practical disadvantage to the defendants. Because of this the Supreme Court has cautioned the Trial Courts to be solicitous to see that defendants are not prejudiced but are accorded all their legal rights. The practice of indicting for the conspiracy alone has however not been condemned and is too well settled to be open to discussion. Conspiracy is a fact to be charged in an indictment and the truth of the charge proven by evidence.

The charge here is of a conspiracy to commit an offense against the Revenue Laws by the manufacture and sale of illicit alcoholic liquors. This embraces all the steps from distillation or brewing to the marketing of the liquor. The final result might be accomplished through the agency of distinct groups of conspirators. One group might conspire to manufacture; another distinct group to buy the illicit liquor and sell it to retailers, and finally there might be a conspiracy of the consumers. By the same token there might be one conspiracy among all. The latter is the charge made. The question is whether it was supported by the evidence. It is admitted that there was ample evidence to convict some of the defendants of belonging to the first group of conspirators and likewise ample evidence that others of the defendants con-

stituted the second group, but that there was no evidence of a conspiracy which embraced the activities of both groups.

The point now made was urged upon the Trial Court through an appropriate motion, and was discussed by him in a memorandum opinion. As he points out there was evidence of the one conspiracy charged and of the participation of each of the appellants therein. That evidence was for the consideration of the jury, and the jury from the evidence found the fact. If there was evidence of the conspiracy charged it was proper to submit it to the jury. We agree with the Trial Judge that there was such evidence.

This disposes of the first question submitted by the appellants in the finding that there was evidence of the conspiracy charged, and that the appellants were parties thereto. It is true the evidence disclosed that the appellants were guilty of other offenses than the one for which they were indicted, but this added guilt did not exculpate them, nor does the fact, if it be one, that the evidence did not fasten guilt upon all those indicted. The conviction of the appellants must be upheld if the evidence disclosed, with that degree of certainty which the law requires, their guilt. The jury so found.

The case against them turns upon this fact, and there is in the adjudged cases, to which we have been referred, nothing in conflict with their conviction. If there is no evidence of the conspiracy for which a defendant is indicted, evidence of guilt of another conspiracy will not support a conviction. Such were the cases of Tinsley v. U. S., 8 Cir., 43 F.2d 890; Marcante v. U. S., 10 Cir., 49 F.2d 156; Terry v. U. S., 9 Cir., 7 F.2d 28.

The law of those cases was applied in the instant case. This brings us to the second question submitted by counsel for the appellants. It is voiced in the complaint that the Trial Court refused to charge in accordance with the law of these cases. There is nothing upon which this complaint can be based. The very distinction now made was made at the trial of the case with the clarity characteristic of the learned counsel and was carefully observed by the Trial Judge.

Appeals were taken by four of the convicted defendants. We have discussed only three of them. The reason is that the Appeal of Leon Snitzer, No. 6889 of October Term 1938, was withdrawn before being heard.

The assignments of error are all overruled, and the judgment of conviction and sentence in each case discussed, confirmed.