## UNITED STATES v. PIERCE et al.

(District Court, N. D. New York. November 9, 1917.)

1. INDICTMENT AND INFORMATION ⬾121(2)—INDICTMENT—SUFFICIENCY.

An indictment charging conspiracy by defendants, which designated the place as the city of Albany, N. Y., and the time each and every day from April 6th to the date of the indictment is sufficiently definite, and a motion for a bill of particulars will be denied.

2. INDICTMENT AND INFORMATION ⬾121(2)—SUFFICIENCY—BILL OF PARTICULARS.

An indictment charging conspiracy and a violation of the Espionage Act June 15, 1917, c. 30, § 3, whereby defendants circulated false reports and solicited persons with the intent of obstructing enlistment, is sufficient, though not giving the exact date of the solicitations and the language used, and defendants are not entitled to a bill of particulars compelling the United States to disclose the names of persons solicited, or the particular times when the solicitation took place, or the language used.

3. INDICTMENT AND INFORMATION ⬾121(2)—BILL OF PARTICULARS—RIGHT TO.

When the charges of an indictment are so general that they do not advise the defendant of the specific acts of which he is accused, the court may direct that a bill of particulars may be furnished, so that he may properly prepare his defense.

4. INDICTMENT AND INFORMATION. ⬾121(1)—BILL OF PARTICULARS—DISCRETION OF COURT.

The granting or refusing of a bill of particulars rests in the sound discretion of the court.

⬾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. INDICTMENT AND INFORMATION ☞121(5)—BILL OF PARTICULARS—REFUSAL.**

When a bill of particulars is once made and served, it concludes the rights of all parties, who are to be affected by it, and he who has furnished a bill of particulars must be confined to the particulars he has specified as closely as if they were part of the indictment itself.

**6. INDICTMENT AND INFORMATION ☞121(2)—PARTICULARS—BILL OF.**

An indictment charging conspiracy and a violation of Espionage Act June 15, 1917, c. 30, § 3, which alleged that pamphlets spreading false information relating to military operations of the United States were distributed by defendants, and that in various places such pamphlets and circulars were distributed, which gave only the names of some of those to whom the pamphlets were distributed, is sufficient in itself, and defendants are not entitled to a bill of particulars setting out the names of those to whom the pamphlets were distributed, for it would be prejudicial to the United States to restrict it by the requirements of such bill of particulars.

**7. CRIMINAL LAW ☞629—LIST OF WITNESSES.**

As Rev. St. § 1033 (Comp. St. 1916, § 1699), applies only to treason and capital offenses, defendants who were not charged with treason and capital offenses are not entitled to a list of the names and addresses of all witnesses sworn by the government before the grand jury.

**8. CRIMINAL LAW ☞629—TRIAL—CONFRONTATION OF WITNESSES.**

Const. Amend. 6, providing that a defendant is entitled to be confronted with the witnesses against him, does not entitle such defendant to a list of the witnesses who testified before the grand jury, but only entitles defendant to be present personally at trial and to be confronted with the witnesses against him.

At Law. Clinton H. Pierce and others were indicted for conspiracy and violation of the Espionage Act, § 3, and they move for a bill of particulars as to counts 1 and 2 of an indictment for conspiracy and violation of section 3 of the so-called Espionage Act. Motion denied. See, also, 245 Fed. 878.

Frederick A. Mohr, of Auburn, N. Y., for the motion.
D. B. Lucey, U. S. Atty., of Ogdensburg, N. Y.

RAY, District Judge. [1] 1. The counts of this indictment as to which a bill of particulars is demanded charge a continuing conspiracy to commit a crime or crimes against the United States and overt acts committed in pursuance and execution thereof. As to the times and places when and where the conspiracy was entered into, the indictment is sufficiently definite and specific—as definite and specific as safely to the rights of the United States it can be made, and, clearly, it is so definite, specific, and certain in these regards that the defendants are put on notice and cannot be harmed by reason of indefiniteness in the allegations. The place is the city of Albany, N. Y., and the time is each and every day from April 6, 1917, to the date of the indictment.

[2] 2. I do not think the United States attorney should be compelled to undertake to disclose the names of persons solicited by the defendants or the particular time or days when such solicitation took place, or to undertake to give the language used by defendants in making such solicitations further or more specifically than is set forth in the indictment. It is sufficient to put the defendants on notice as to

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

what they must meet on the trial. The general substance of what is alleged to have been stated by them is set forth.

[3-6] 3 and 4. The same remarks apply to claims 3 and 4 of the notice or demand for a bill of particulars.

Generally, the indictment gives the names of some of the persons to whom the pamphlets were given and distributed, and also states that the names of the persons solicited are to the grand jurors unknown. It is also stated that the various places in Albany—that is, the particular places where the circulars were circulated and distributed by defendants—are to the grand jurors unknown.

When the charges of an indictment are so general that they do not advise the defendant of the specific acts of which he is accused, the court may direct that a bill of particulars be furnished him so that he may properly prepare his defense. Kettenbach v. United States, 202 Fed. 377, 382, 120 C. C. A. 505. The granting or refusal of the bill of particulars rests in the sound discretion of the court. Rosen v. United States, 161 U. S. 29, 35, 16 Sup. Ct. 434, 480, 40 L. Ed. 606; Breese v. United States, 106 Fed. 680, 682, 45 C. C. A. 535. When a bill of particulars is once made and served, "it concludes the rights of all parties who are to be affected by it; and he who has furnished a bill of particulars under it must be confined to the particulars he has specified, as closely and effectually as if they constituted essential allegations in a special declaration." Commonwealth v. Giles, 1 Gray (Mass.) 466, cited and approved in Dunlop v. United States, 165 U. S. 486, 491, 17 Sup. Ct. 375, 41 L. Ed. 799. In United States v. Adams Express Co. (D. C.) 119 Fed. 240, it is said:

"The office of a bill of particulars is to advise the court, or more particularly the defendant, of what facts, more or less in detail, he will be required to meet, and the court will limit the government in its evidence to those facts set forth in the bill of particulars."

It is seen that this court ought not to direct a bill of particulars which if made and served may seriously limit and embarrass the government in its legal proof and result in shutting out evidence of certain pertinent facts not now fully known to the United States attorney. It is not to be presumed the United States will offer false or perjured testimony on the trial, and, in view of the nature of the case and of the charges made, it may be assumed the defendants know when and where they made speeches, if any, solicitations, if any, and the nature and character thereof, and also the names of the persons solicited, if any particular person was solicited. I do not think the government should be compelled to disclose the names of its witnesses. It is charged in the indictment that August 26, 1917, the defendants made personal solicitations (meaning in aid and execution of the conspiracy charged) from "various persons whose names are to the grand jurors unknown." If the names are unknown to the grand jurors, it is fair to presume such names are unknown to the United States attorney. The court should not require that officer to undertake to give information he does not possess or in default shut out competent proof on the trial. It is charged as an overt act that August 26, 1917, in and about the city of Albany, the defendants and each of them made public

speeches in aid and execution of the conspiracy. The indictment gives the names of some of the persons to whom pamphlets were distributed, and a copy of the pamphlet is attached to and made a part of the indictment. The indictment says that the names of others to whom such pamphlet was distributed are to the grand jury unknown. The defendants call for a bill of particulars not only giving times, places, and names of persons, but the language or substance thereof used by defendants in personal solicitation under the heading "Overt Acts."

As already stated, it would be impracticable to require the United States to set out the evidence which it expects to give on the trial. The nature and character and general substance of these solicitations is set forth by charging the nature and character of the conspiracy and what defendants conspired to do and bring about. The overt acts charged, giving time and place with reasonable certainty, state that pamphlets were distributed, copies of which are made a part of the indictment, speeches made in aid and execution and furtherance of such conspiracy, and personal solicitations indulged in. I think this sufficient to apprise the defendants that evidence will be offered that in such speeches and solicitations defendants spoke words and used language encouraging and advising others to do or cause to be done the very things they are charged with having conspired to do. The allegations of the indictment is notice to the defendants that they must be prepared to meet such proof. "Solicit" means to ask, request, urge, etc., and it being charged that defendants had agreed to do certain acts, and that defendants solicited persons to aid in doing such acts, the nature and character of the solicitations is so clearly and sufficiently indicated that defendants cannot be prejudiced on the trial. The witnesses called to prove the solicitations on a given occasion may disagree as to the words used by the defendants, while agreeing as to the substance and meaning of the words used and some of the language. It would be prejudicial to the United States to compel it to set out the language each witness is expected to testify to as having been used by a defendant on a given occasion. Each witness will be entitled to testify to what he recollects was said, and the question will be: Was the language actually used to promote or aid in the execution of the conspiracy, if one is found to have existed? The precise words used may not be material, and it would be wrong to put the government in a position where it would be precluded from proving what was actually said on a given occasion should the witness on the trial vary from the language of the statement he is now expected to testify to.

[7] The defendants demand that they be furnished "the names and addresses of all the witnesses sworn by the government before the grand jury in this proceeding or action." In some of the states, such a demand may be made and must be complied with. In other states, the names of such witnesses must be indorsed on the indictment; but this practice does not obtain in the United States courts. United States v. Butler, Fed. Cas. No. 14,700; United States v. Aviles (D. C.) 22 Fed. 474; Jones v. United States, 162 Fed. 417, 89 C. C. A. 303. Section 1033, R. S. U. S., provides that in cases of treason and

capital offenses a list of jurors and witnesses must be furnished the defendant. See 3 U. S. Comp. St. 1916, Annotated, § 1699, p. 3556. There is no federal statutory provision going beyond this.

"If a federal prisoner is not indicted for a capital offense, he is not entitled as of right to a list of witnesses." Jones v. United States, 162 Fed. 417, 89 C. C. A. 303, writ of certiorari denied 212 U. S. 576, 29 Sup. Ct. 685, 53 L. Ed. 657.

"In cases not capital the United States attorney is not bound to furnish defendant with the names of witnesses." United States v. Butler, Fed. Cas. No. 14,700.

"The court will not, in advance of the trial of a * * * case not capital, * * * require the United States attorney to give him [defendant] a list of witnesses examined by the grand jury." United States v. Aviles (D. C.) 222 Fed. 474, 477.

[8] The sixth amendment to the Constitution, providing that the defendant shall be confronted with the witnesses against him, only means that defendant is entitled to attend the trial and to hear the witnesses testify, and does not entitle such defendant to a list of the witnesses who testified before the grand jury. United States v. Aviles (D. C.) 222 Fed. 474. No facts appear calling upon the court to exercise any discretion it may possess in this regard in this case.

The application for a bill of particulars and a list of witnesses is denied.

