## UNITED STATES v. GOULED et al.

### (District Court, S. D. New York. August 31, 1918.)

1. INDICTMENT AND INFORMATION ⊂⊃121(5)—"BILL OF PARTICULARS."
   The office of a "bill of particulars" is to advise the court, and more particularly the defendant, of what facts he will be required to meet; and when a bill of particulars is made and served, it concludes the rights of all parties, and the prosecution must be confined to the particulars specified.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bill of Particulars.]

2. INDICTMENT AND INFORMATION ⊂⊃121(2)—BILL OF PARTICULARS—GRANT OF MOTION FOR.
   Motion for a bill of particulars should be allowed only where charges are so general that they do not advise defendant of specific acts of which he is accused, and a bill of particulars should never be granted where it will unduly limit the evidence of the prosecution.

3. INDICTMENT AND INFORMATION ⊂⊃71—PARTICULARITY.
   While the rules of criminal procedure require that one accused shall be fully apprised of the charge against him, yet the object is to convict the guilty, as well as to shield the innocent, and no impracticable standard of particularity should be set up.

4. INDICTMENT AND INFORMATION ⊂⊃121(2)—BILL OF PARTICULARS—RIGHT TO.
   It is a settled rule that, while an indictment may be sufficient in itself, if it charges an offense in the words of the statute, it is not sufficient as against a motion for bill of particulars, but the court, upon motion, may in its discretion require the pleader in such case to descend to particulars.

5. CONSPIRACY ⊂⊃43(1)—INDICTMENT—PARTICULARITY OF ALLEGATIONS.
   There is a distinction between the particularity required in the allegation of a conspiracy and that where a substantive offense is charged; less being required in the first case.

6. CONSPIRACY ⊂⊃43(10)—INDICTMENT.
   Indictment charging a conspiracy to defraud the United States, between an army officer, defendant, and another, averring that conspiracy contemplated contracts should be submitted to and passed on by the army officer, etc., held to sufficiently inform the defendant of the facts.

Felix Gouled and others were indicted for conspiracy to defraud the United States. On motion by defendant Gouled for a bill of particulars. Motion denied.

See, also, 253 Fed. 242.

Francis G. Caffey, U. S. Atty., and Joseph A. Burdeau, Asst. U. S. Atty., both of New York City.

Martin W. Littleton, of New York City, for defendant Gouled.

Max Steuer, of New York City, for defendant Podell.

HUTCHESON, District Judge. The defendant Felix Gouled has moved for an order for a bill of particulars. The government insisting on the first count only, this opinion is based on that count alone.

[1] "The office of a bill of particulars is to advise the court, and more particularly the defendant, of what facts, more or less in detail, the defendant will be required to meet, and the court will limit the government in its evidence to those facts, so set forth." United States

v. Adams Express Co. (D. C.) 119 Fed. 240. When a bill of particulars is once made and served, "it concludes the rights of all parties to be affected by it, and he who has furnished the bill of particulars under it must be confined to the particulars he has specified as closely and effectually as if they constituted essential allegations in a special declaration." Commonwealth v. Giles, 1 Gray (Mass.) 466, cited and approved in Dunlop v. United States, 165 U. S. 486, 17 Sup. Ct. 375, 41 L. Ed. 799. Refusal of bill of particulars rests in the sound discretion of the court. Rosen v. United States, 161 U. S. 29, 16 Sup. Ct. 434, 480, 40 L. Ed. 606; Dunlop v. United States, supra; Knauer v. United States, 237 Fed. 13, 150 C. C. A. 210 (C. C. A.).

[2] This being the purpose and scope of the bill prayed for, and the duty and function of the court, it is clear that the motion should only be allowed where the charges of an indictment are so general that they do not advise the defendant of the specific acts of which he is accused, and the court feels that the bill should be furnished him, so that he may properly prepare his defense. Kettenbach v. United States, 202 Fed. 377, 120 C. C. A. 505. It is equally clear that the bill of particulars should never be granted where its result would be to limit the government unduly, by confining its evidence so narrowly as that it may shut out proper and material evidence of which the government may not now be advised.

[3] Whatever may now be the rule in other courts, or whatever may have been the rule in the courts of the United States, it is certainly the present rule that the trial of a criminal case is not a play of thrust and parry, but is the functioning of the machinery of justice to fairly determine the guilt or innocence of an accused, and only those requirements should be made of prosecution and of defense which fairly and properly, in a reasonable and common-sense way, will produce in a court of justice a full and complete disclosure of the facts upon which guilt or innocence rests, with as little as possible of the technicalities and the dry rules which hamper and impede the course of justice. As was well said by Mr. Justice Brown in Evans v. United States, 153 U. S. 584, 14 Sup. Ct. 934, 38 L. Ed. 830:

"While the rules of criminal pleading require that the accused shall be fully apprised of the charge made against him, it should, after all, be borne in mind that the object of criminal proceedings is to convict the guilty, as well as to shield the innocent, and no impracticable standards of particularity should be set up, whereby the government may be entrapped into making allegations which it would be impossible to prove."

Again, in Mark Yick Hee v. United States, 223 Fed. 733, 139 C. C. A. 262 (C. C. A. 2d Circ.), Rogers, J., speaking for the court, says:

"Under the Constitution of the United States a person accused of a criminal offense is entitled to be informed of the nature and cause of the accusation against him. There must therefore be such particularity of allegation in an indictment as will enable the accused to understand the charge which is preferred and to prepare his defense. But the principle is well established that, while all the elements of the crime charged, or facts necessary to make out the offense, must be fully and clearly set out, it is not necessary to allege matters in the nature of evidence, or to set out the means by which the crime is accomplished, unless the act is one which may be criminal or not according to the circumstances under which it is done."

[4-6] In what has been said or will be said there is not the slightest intention to avoid the force of the settled rule that it is not sufficient to charge the commission of an offense in the words of the statute, but that the pleader must descend to particulars. This is conceded without in any manner diminishing the force of the fact that the indictment in this case is of itself sufficient, and that no bill of particulars is necessary to apprise the defendant, so as to enable him properly to meet the government's case and prepare his own defense. The indictment is not only not wanting in specification, but is in reality fuller and in more detail than was required of the government, and, if subject to any criticism, it is that of much greater fullness than the nature of the offense charged requires. As was said by Thomson, D. J., in United States v. United States Brewers' Ass'n (D. C.) 239 Fed. 165, ruling on demurrers to an indictment:

"It must be borne in mind that the government has not charged as a substantive offense that the defendants actually within the time set forth made money contributions in connection with the elections set forth in said indictments. On the contrary, they are charged only with conspiracy to commit that offense. In such case, the authorities all show that the offense which is intended to be committed as a result of the conspiracy need not be described with the particularity required in an indictment in which such matter was charged as a substantive crime. * * * The decisions agree that certainty to a common intent is all that is necessary. The conspiracy or unlawful combination is the gist of the offense, and certainty to a common intent, sufficient to identify the offense which the defendants conspired to commit, is all that is requisite in stating the object of the conspiracy. Williamson v. U. S., 207 U. S. 425 [28 Sup. Ct. 163, 52 L. Ed. 278]. The indictment is sufficient if it advise the defendants of the nature and cause of the accusations against them, with such particularity as to enable them to prepare the defense. The elements which constitute the crime are facts which must be fully and clearly set out. But matters in the nature of evidence need not be alleged, nor the means by which the crime was to be accomplished, unless the act is one which may or may not be criminal according to the circumstances under which it is done."

In the case of Crawford v. United States, 212 U. S. 183, 29 Sup. Ct. 260, 53 L. Ed. 465, 15 Ann. Cas. 392, a conspiracy case, the court held that it was not necessary to set out the particular manner in which the defendants were to commit fraud upon the government, but that the indictment was sufficient where it set out an agreement to defraud the United States, and facts showing that the parties charged were in a position (in that case as in this in the employ of the government), to commit fraud, followed, of course, by the allegation of the overt act or acts.

There is another element which always enters into the consideration of motions for bills of particulars in matters of this kind, and that is, where the offense charged is one which is grounded upon the acts and the conversations of the party charged, and with and of which he must be in position to have as much information as anybody could have as to whether they did or did not occur, it is never essential to set out with particularity the things which he is supposed to have said or done. As was said in the Pierce Case (D. C.) 245 Fed. 890, on motion for bill of particulars:

"It is not to be presumed the United States would offer false or perjured testimony on the trial, and, in view of the nature of the case and of the charges made, it may be assumed the defendants know when and where they made speeches, if any, solicitations, if any, and the nature and character thereof, and also the names of the persons solicited, if any particular person was solicited."

The offense charged in this case being conspiracy to defraud the United States government, entered into between an officer in the United States army, the defendant Felix Gouled, and another, and the allegations of the indictment charging specifically that the conspiracy provided for its accomplishment the procuring of contracts which were to be submitted to and passed upon by Vaughan, the defendant officer, he at the time having a pecuniary interest in the same through the arrangements to be made in pursuance of the conspiracy, and the indictment further charging that the said Vaughan was to receive money "with the intent of influencing his decision and action, and that of other officers in question, in the consideration and acceptance, the letting and awarding contracts for the manufacture of garments for the United States army," the criticism to which the indictment is subject is not that of too little, but perhaps of too great, particularity. Certainly it would have been a sufficient indictment, had it merely alleged an agreement that Vaughan was to obtain an interest in garment contracts which it was his duty to pass upon as a representative of the government. The fact that the indictment, in much greater detail than the law requires, sets up the procedure which the conspirators agreed to adopt, and with far greater minutiae than necessary sets out the series of overt acts by which the conspiracy was to be effected, cannot enlarge the rights of the defendant.

Certainly it cannot be claimed that, because the government has been more liberal than necessary in laying its indictment, it must therefore disclose its entire evidence in advance of the trial; but this would be in effect what the court would be holding, if the motion for the bill were sustained.

The motion will be in all things denied.