### UNITED STATES v. ROSENWASSER BROS., Inc., et al.

(District Court, E. D. New York. January 6, 1919.)

1. INDICTMENT AND INFORMATION ⊂⊃121(1)—MOTION FOR BILL OF PARTICULARS —DISCRETION OF COURT.

A motion by defendant in a criminal case for a bill of particulars is addressed to the sound discretion of the court.

2. CONSPIRACY ⊂⊃43(6)—CRIMINAL CONSPIRACY—INDICTMENT.

In an indictment for conspiracy to commit an offense, the offense which is intended to be committed as a result of the conspiracy need not be described with the particularity required in an indictment for the substantive offense.

3. INDICTMENT AND INFORMATION ⊂⊃121(2)—BILL OF PARTICULARS.

A bill of particulars should only be required where the charges of an indictment are so general that they do not advise defendant of the specific acts of which he is accused.

Criminal prosecution by the United States against Rosenwasser Bros., Incorporated, and others. Motions by defendants for bill of particulars. Denied.

See, also, 254 Fed. 171.

Melville J. France, U. S. Atty., of Brooklyn, N. Y.

Fitzgerald, Stapleton & Mahon, of New York City, for defendants.

GARVIN, District Judge. This is a motion for a bill of particulars, made by defendants Rosenwasser Bros., Inc., Morris Rosenwasser, Leo Rosenwasser, Abe Weiss, Jacob Rosenberg, Louis Levy, Harry Gersonovitz, Isaac Merlis, and Abraham Lampert. These, with various other defendants, have been indicted upon a charge of conspiring to defraud the United States of America. The indictment is somewhat voluminous, but the charge is nothing more than that some of the defendants (who had made contracts to supply various articles to the United States), some of their employés, and certain representatives of

---

the government (inspectors and others), conspired to have defective articles passed by these inspectors as in conformity with the contracts; the result being that the government was defrauded.

[1] This motion is addressed to the sound discretion of the court, and the "motion will be granted or refused, as the court, in the exercise of a sound legal discretion, may find necessary to the ends of justice." Rosen v. United States, 161 U. S. 29, 40, 16 Sup. Ct. 434, 480, 40 L. Ed. 606, approved in Dunlop v. United States, 165 U. S. 486, 491, 17 Sup. Ct. 375, 41 L. Ed. 799.

[2] At the outset it is to be noted that the defendants are not charged with having defrauded the government, but with having conspired to defraud.

"In such case, the authorities all show that the offense which is intended to be committed as a result of the conspiracy need not be described with the particularity required in an indictment in which such matter was charged as a substantive crime." United States v. United States Brewers' Ass'n (D. C.) 239 Fed. 163, 170.

While the foregoing observations were made in deciding a demurrer to the indictment, they emphasize that the government is not held to the same strict requirements here as in certain other prosecutions.

While the charge is conspiracy, nevertheless, if the government is required to furnish a bill of particulars, it will be strictly limited in proof to the matters therein contained. Kettenbach v. United States, 202 Fed. 377, 120 C. C. A. 505.

[3] A bill should only be allowed "where the charges of an indictment are so general that they do not advise the defendant of the specific acts of which he is accused, and the court feels that the bill should be furnished him, so that he may properly prepare his defense." United States v. Gouled (D. C.) 253 Fed. 239, citing Kettenbach v. United States, supra.

The charges here are lengthy, and 28 overt acts altogether are set forth; but a careful reading of the indictment indicates that each one of the defendants is apprised of the nature of the charge and each is able to fully meet the contention that he participated therein. It may well be that a bill of particulars might enable one or more defendants to secure an acquittal at the expense of a conviction of the others, but such is not intended to be the object of a bill.

The defendants seek to be advised of the specific contracts involved. Defendants Morris Rosenwasser and Rosenwasser Bros., Incorporated, are aware of the contracts made by them with the government; but as a matter of fact what the contracts are in terms or in detail is of no consequence, if there was no conspiracy. The charge is that the defendants entered into a combination to defraud, and the method employed is set forth at great length in the recital of the overt acts involved. The defendants seek to have the government indicate the time and place when they conspired to defraud. The indictment gives the place as the borough of Queens, and the time as during the period between July 15, 1916, and September 19, 1918. This statement, especially when taken in connection with the various dates specified in the recitals of overt acts, is sufficient. The particulars demanded by

this motion (as well as by motions made by other defendants) have been examined, and the court is of the opinion that each is either a matter of evidence, has been sufficiently set forth by the indictment, or is information with respect to acts and conversations of which each defendant "must be in position to have as much information as anybody could have as to whether they did or did not occur." United States v. Gouled, supra, 253 Fed. at page 241. See, also, United States v. Pierce (D. C.) 245 Fed. 878.

In determining this motion, the court is not unmindful of the fact that it is agreed by all that this will be a long trial, continuing for some weeks. It is expected that the trial will start in two weeks, and the defendants will have practically as much time after the trial begins and the evidence of the government is presented to prepare their respective defenses as though a bill were now ordered.

Much of what has been said applies to the motions made by various other defendants for bills of particulars.

In the exercise of discretion, having in mind that the object of a criminal trial is not only to shield the innocent but to convict the guilty, and in the belief that the government would be too seriously hampered and prejudiced if compelled at this time to limit its proof to the statements contained in a bill of particulars furnished by it, and in the further belief that each defendant will be able to prepare for trial adequately without a bill of particulars, the motion is denied. See Evans v. United States, 153 U. S. 584, 590, 14 Sup. Ct. 934, 38 L. Ed. 830.