## UNITED STATES v. SUGAR INSTITUTE, Inc., et al.

District Court, S. D. New York.
June 24, 1931.

Sullivan & Cromwell, of New York City (Wilbur L. Cummings, of New York City, of counsel), for the motion.

George Z. Medalie, U. S. Atty., of New York City (James Lawrence Fly and Walter L. Rice, Sp. Assts. to Atty. Gen., of counsel), opposed.

WOOLSEY, District Judge.

This motion is in all respects denied.

I. As the answer in this case has not yet been filed, this motion is, in so far as it asks for a bill of particulars, premature. Indeed this seems to be recognized by the plaintiff's counsel, who purports to reserve the right, in order to prepare for trial, to move for further and better particulars after the answer is filed.

This motion, therefore, will be entertained at the present time only as a motion under Equity Rule 20 (28 USCA § 723) for a further and better statement of the nature of petitioner's claims, and under Equity Rule 21 (28 USCA § 723) as a motion to strike out certain paragraphs of the complaint as impertinent.

II. Even if this were an indictment for a conspiracy on the criminal side of the court, I think that the defendants' motion, as above limited, would have to be denied, for the complaint names all the alleged conspirators, and adequately describes the conspiracy. Cf. United States v. United States Brewers' Association et al. (D. C.) 239 F. 163, 170, 171; United States v. Gouled et al. (D. C.) 253 F. 239.

A fortiori in a civil case of alleged conspiracy, such as this, the allegations are sufficiently definite and certain for "a bill in equity is not to be read and construed as an indictment would have been read and construed a hundred years ago, but it is to be taken to mean what it fairly conveys to a dispassionate reader by a fairly exact use of English speech," as Mr. Justice Holmes said in Swift & Co. v. United States, 196 U. S. 375, at page 395, 25 S. Ct. 276, 279, 49 L. Ed. 518.

Furthermore, a careful comparison of this petition with the petition in the Swift Case, as printed in the record thereof in the Supreme Court, satisfies me that the complaint in this case is fuller and more precise in its description of the alleged conspiracy and the operation thereof than was the petition in the Swift Case.

Without stating evidence, which is not required in pleading, I do not think the petition here could go much further than it does. It must be remembered that conspiracies of this kind are so vast that to set them forth involves in each case a new problem in pleading, as was indicated by Mr. Justice Holmes in the Swift Case, 196 U. S. at page 396, 25 S. Ct. 276, 49 L. Ed. 518.

III. I do not think that the motion to strike out paragraphs 54 and 55 of the petition on the ground that they are impertinent has any merit.

The defendants argue that those paragraphs are impertinent because an increase in profits "does not constitute a violation of the Sherman Act." The answer to that con-

tention is that a conspiracy to restrain interstate trade does violate the Sherman Act (15 USCA § 1 et seq.), and that the increased profits mentioned in the challenged paragraphs are alleged to be the result of such a conspiracy.

Settle order on two days' notice.