**UNITED STATES v. LANG et al.**
No. 38425.

District Court, E. D. New York.
Aug. 25, 1941.

George W. Herz, of Brooklyn, N. Y., for defendant Hermann Lang.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (T. Vincent Quinn, Asst. U. S. Atty., of Flushing, N. Y., of counsel), for Government.

CAMPBELL, District Judge.

This is a motion made on behalf of Hermann Lang, one of the defendants, for a bill of particulars and the following are the items demanded.

"1. The exact time and place when and where it will be claimed the defendant, Her-

mann Lang, joined or became a party to the conspiracy, alleged in the first count of the indictment.

"2. The exact time and place when and where it will be claimed the defendant, Hermann Lang, joined or became a party to the conspiracy, alleged in the second count of the indictment.

"3. With which of the defendants, if any, it will be claimed the defendant, Hermann Lang, had dealings, contacts or relations in entering into or furthering the conspiracy alleged in the first count of the indictment.

"4. With which of the defendants, if any, it will be claimed the defendant, Hermann Lang, had dealings, contacts or relations in entering into or furthering the conspiracy alleged in the second count of the indictment.

"5. What will it be claimed the defendant, Hermann Lang, agreed to do in furtherance of the conspiracy alleged in the first count of the indictment.

"6. What will it be claimed the defendant, Hermann Lang, agreed to do in furtherance of the conspiracy alleged in the second count of the indictment.

"7. Whether it will be claimed the defendant, Hermann Lang, received any money or other reward for allegedly entering into the conspiracy alleged in the first count of the indictment, and, if so, the nature of the reward and the dates when and places where and by whom it was paid.

"8. Whether it will be claimed the defendant, Hermann Lang, received any money or other reward for allegedly entering into the conspiracy alleged in the second count of the indictment, and, if so, the nature of the reward and the dates when and places where and by whom it was paid."

■ The demands Nos. 1 and 2 for information as to the place where the said defendant, Hermann Lang, entered into the conspiracies, whether in the United States or in any one of the other places alleged in the indictment, as well as the demand for information as to when the said defendant entered into said alleged conspiracy, call for information which the Government should not be required to give, as it will unduly limit its proof and as to which it may not at this time be advised.

The time during which the alleged conspiracies existed is stated in the indictment as between April 1, 1936, and July 15, 1941, and further it is stated in overt act 2 of the 1st count and overt acts 2 and 20 of the 2nd count of the indictment that the said defendant on days therein stated committed certain overt acts in pursuance of such conspiracy and to effect the object thereof committed the said alleged overt acts consequently the Government will contend that the said defendant entered into said alleged conspiracies before committing such overt act. More should not be required. United States v. Pierce, D.C., 245 F. 888; United States v. Gouled, D.C., 253 F. 239, 240.

■ Demands Nos. 3, 4, 5 and 6 all call for the Government's evidence and names of witnesses, and should not be allowed. United States v. Pierce, supra; Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545.

■ The demands Nos. 7 and 8 for information as to whether the said defendant received any money or other reward for allegedly entering into the conspiracy alleged in counts 1 and 2 of the indictment, is a demand for the Government's evidence. There is no charge in the indictment that the said defendant received any money or other reward for allegedly entering into the conspiracies alleged in counts 1 and 2 of the indictment, therefore, no particulars need be given, as the showing by the Government, if any be made, that the said defendant received any money or other reward for allegedly entering into the conspiracies alleged in counts 1 and 2 of the indictment, would only be evidence, to be considered by the jury on the question of whether the said defendant entered into either or both of the alleged conspiracies, and what part, if any, he took therein.

They should not be granted. United States v. Gouled, supra; Rubio v. United States, 9 Cir., 22 F.2d 766.

The motion made on behalf of the said defendant, for a bill of particulars, is denied, as to each and all of the demands therein contained.

Enter order on one day's notice.

### On Motion for Severance and Separate Trial.

This is a motion made on behalf of said defendant for a severance and granting said defendant a separate trial.

■ The defendant, Hermann Lang, with the other defendants, has been indicted on two counts, each of which is based on the charge of conspiracy.

416

There is no count in the indictment charging a substantive crime.

Whether the defendant, Hermann Lang, be tried with all the other defendants, or alone the evidence as to the acts and statements of all the alleged conspirators in furtherance of the alleged conspiracy and for the purpose of accomplishing the object would be offered, as well as evidence tending to show the formation of the alleged conspiracy, and I can see no reason why, especially on a charge of conspiracy with no charge of a substantive crime, all of the alleged coconspirators should not be tried together. The rights of the said defendant, Hermann Lang, will undoubtedly be fully protected by the Court on the trial.

■ In a conspiracy case it is not necessary that the defendant be acquainted with all of the defendants. Capriola v. United States, 7 Cir., 61 F.2d 5; United States v. Lancaster, C.C., 44 F. 896, 10 L.R.A. 333.

■ The trial judge will instruct the jury as to which defendants are bound by the witnesses' testimony as to the acts and declarations of coconspirators. Logan v. United States, 144 U.S. 263, 12 S.Ct. 617, 36 L.Ed. 429.

■ A party who joins an existing group of conspirators already engaged in carrying on the conspiracy, assumes responsibility for all that has been done theretofore. Van Riper v. United States, 2 Cir., 13 F.2d 961.

A separate trial, if there was local prejudice, would not aid the said defendant, as he would be tried in the same jurisdiction, and there is no sufficient evidence of any such prejudice.

■ That there have been pleas of guilty offered by some of the defendants furnishes no ground for a severance, because, if a conspiracy be shown, and the said defendant be found to be a conspirator, any act or statement of any coconspirator in pursuance of such conspiracy, and for the purpose of effecting the object of same, is admissible against all coconspirators. People v. John H. Davis, 56 N.Y. 95; Logan v. United States, 144 U.S. 263, at 309, 12 S.Ct. 617, 36 L.Ed. 429.

■ The alleged mental condition of the said defendant is not to be determined here as that question is one for the trial judge, to be determined on the defendant's mental condition at the time of the trial.

■ This motion is addressed to my sound discretion. United States v. Ball, 163 U.S. 662, 672, 16 S.Ct. 1192, 41 L.Ed. 300; Schwartzberg v. United States, 2 Cir., 241 F. 348; Oppenheim v. United States, 2 Cir., 241 F. 625.

■ Even if the part of the defendant in the alleged conspiracy be small, as compared to the other alleged coconspirators, that would not entitle said defendant to a severance.

The motion for a severance and a separate trial on behalf of the defendant, Hermann Lang, is denied.