## UNITED STATES v. KESSLER et al.
### Cr. No. 38510.

District Court, E. D. New York.
Jan. 8, 1942.

Harold M. Kennedy, U. S. Atty., Eastern District of New York, of Brooklyn, N.Y. (John K. Carroll, Sp. Asst. U. S. Atty., of New York City, of counsel), for plaintiff.

Irving L. Weishar and George H. Kerner, both of Brooklyn, N. Y., for defendants.

MOSCOWITZ, District Judge.

The defendants have made a motion for an order directing the United States of America to serve and file a bill of particulars setting forth in detail the following:

"Respecting Counts 'I' to 'XIV'
Inclusive:

"1. State the number of hours on each day during the period specified that it will be claimed that the designated employee worked.

"2. State the total number of hours that it will be claimed that the designated employee worked in the specified period, the amount of his or her earnings for that period and how much per hour he or she was paid.

"3. State the nature of the work performed by the employee and whether he or she worked on a time, piece or other weekly basis.

"Respecting Counts 'XV' to 'XXIII'
Inclusive:

"4. State the number of hours on each day during the period specified that it will

be claimed that the designated employee worked.

"5. State the total number of hours that it will be claimed that the designated employee worked in the specified period, the amount of his or her earnings for that period and how much per hour he or she was paid.

"6. State the number of hours that it will be claimed was devoted to work in excess of the designated workweek, the total compensation received for such excess or overtime work, and the rate thus paid per hour for such excess or overtime work.

"7. State the nature of the work performed by the employee and whether he or she worked on a time, piece, weekly or other basis.

### "Respecting Counts 'XXIV,' 'XXV' and 'XXVI'

"8. Specify the book, books or other data containing the record referred to which it is alleged that the defendants made or caused to be made and which was false and untruthful.

"9. State the number of hours that it will be claimed that the designated employee worked in the specified period.

"10. State the number of hours that it will be claimed that the alleged record indicates that the designated employee worked in the specified period.

### "Respecting Count 'XXVII.'

"11. State the nature or kind of record required to be made, kept and preserved pursuant to the alleged provisions of the Fair Labor Standards Act of 1938.

"12. State whether it will be claimed that no such record was made, kept and preserved as so required or whether it will be claimed that an incomplete or insufficient record was made, kept and preserved as so required. If the latter, state in what particulars such record was incomplete or insufficient, having regard to hours worked each workday, hours worked each workweek, persons employed by the defendants or in any other respect.

### "Respecting Counts 'XVIII,' 'XXIX' and 'XXX'.

"13. State the kind, description and quantity of goods alleged to have been sold to the designated firm.

"14. The names of the employees employed by the defendants in the production of said goods, the period of time each employee worked or was engaged in such production, the number of hours each employee worked, the total pay or wages received by each employee during such period and the amount each received per hour."

The claim of the defendants is that the information consisting of thirty counts filed herein does not sufficiently apprise them of the crimes which the Government claims they have committed and that the information sought is essential in order for them to prepare for trial.

The crimes charged are for violations of Sections 206, 207, 211(c), 215(a)(5) and 216, Title 29, United States Code Annotated, Fair Labor Standards Act of 1938.

The information charges that the defendants failed to properly compensate their employees, failed to pay the legal minimum wage per hour and legal minimum wage for overtime, failed to keep correct records of the wages, hours and other conditions of employment maintained by them in their place of business, and falsified records required to be kept, and shipped goods in interstate commerce in violation of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.

Count I of the information is as follows:

"1. That Philip Kessler, a defendant herein is, and at all times hereinafter mentioned was, doing business under the firm name and style of Kessler Coat Co., 476 Jefferson Street, in the City of New York, Borough of Brooklyn, State and Eastern District of New York, and at all times hereinafter referred to was in active control of the management of the said Kessler Coat Co. and did and does regulate the employment of all persons employed by the said Kessler Coat Co. and did and does direct and superintend the production of goods for commerce by the said Kessler Coat Co. at its principal place of business in the City of New York.

"2. That Milton Kessler, a defendant herein is, and at all times hereinafter mentioned was, in active control of the management of the Kessler Coat Co., 476 Jefferson Street, in the City of New York, Borough of Brooklyn, State and Eastern District of New York, and did and does regulate the employment of all persons employed by the said Kessler Coat Co., and did and does direct and superintend the production of goods for commerce by the said Kessler Coat Co. at its principal place of business in the City of New York.

"3. That Philip Kessler, a defendant herein, operating under the firm name and style of Kessler Coat Co., was at all times hereinafter referred to, and now is, engaged in the business of manufacturing, producing and selling ladies' garments for interstate commerce. In the course of said business the said defendant receives orders for ladies' garments; procures and obtains materials required in the manufacture of said garments; cuts, trims, finishes and performs other operations necessary and incident to the producing, manufacturing and selling of said garments; the said defendant wraps, packs and ships the garments so produced, manufactured and sold; he ships the goods manufactured and produced by him to points outside the State of New York, and he ships the goods manufactured and produced by him with the knowledge and intention that such goods be shipped, delivered and sold in interstate commerce.

"4. At all times hereinafter referred to, the defendants were employers within the meaning of the Fair Labor Standards Act of 1938.

"5. At all times hereinafter referred to, Philip Kessler and Milton Kessler, the defendants herein, acted both directly and indirectly in their own interest and in the interest of the Kessler Coat Co. in relation to the employees of the Kessler Coat Co., and were thus employers of the said employees within the meaning of the Fair Labor Standards Act of 1938.

"6. At all times hereinafter referred to Philip Kessler and Milton Kessler, the defendants herein, employed and suffered and permitted to work in the production of ladies' garments, numerous persons who were employed within the meaning of the Fair Labor Standards Act of 1938.

"7. At all times hereinafter referred to, a large proportion of the said employees was engaged in the production of goods for interstate commerce within the meaning of the Fair Labor Standards Act of 1938.

"8. At all times hereinafter referred to, a large proportion of the ladies' garments manufactured and produced by the defendants was manufactured and produced by them pursuant to orders received from customers who shipped the merchandise so manufactured and produced to points outside the State of New York. The said merchandise was manufactured and produced with the intent on the part of the defendants that the said merchandise, after having been manufactured and produced, be sold, shipped, transported and delivered to customers outside the State of New York.

"9. On May 17, 1940, the duly appointed Administrator of the Wage and Hour Division of the United States Department of Labor, pursuant to authority vested in him by Section 8 of the Fair Labor Standards Act of 1938, duly issued a Wage Order, Part 559, for the apparel industry, prescribing wages for said industry at rates not less than forty (40) cents an hour. The said Wage Order was published in the Federal Register and is known as Title 29, Chapter V, Code of Federal Regulations Part 559, the effective date thereof being July 15, 1940.

"That heretofore, to wit, from on or about the 2nd day of December, 1940, up to and including on or about the 7th day of December, 1940, at the Eastern District of New York and within the jurisdiction of this Court, Philip Kessler and Milton Kessler, the defendants herein, did, within the meaning of the Fair Labor Standards Act of 1938, employ and suffer and permit to work in the producing and manufacturing of merchandise, to wit, ladies' garments for interstate commerce, one Samuel Rosenfeld, during the workweek beginning on December 2, 1940 and ending December 7, 1940, and the said defendants in the Eastern District of New York and within the jurisdiction of this Court, did unlawfully and willfully fail to pay to the said Samuel Rosenfeld, wages at a rate not less than forty (40) cents an hour for the said work for the said workweek; that is to say, the said defendants at the time and place aforesaid, did pay to the said Samuel Rosenfeld, wages at a rate less than forty (40) cents an hour for the said work for the said workweek; against the peace of the United States and their dignity and contrary to the form of the statute in such case made and provided (Fair Labor Standards Act of 1938)."

Paragraphs 1 to 8, inclusive, are reiterated in each of the other 29 counts of the information and paragraph 9 is reiterated in counts 4 to 30, inclusive.

The purpose of a bill of particulars in a criminal case is to enable a defendant to prepare for trial so that he may be enabled to meet the accusation charged against him. See Knauer v. United States, 8 Cir., 237 F. 8; Hindman v. United States, 6 Cir., 292 F. 679. Another purpose of a bill of particulars is that the charge be

particularized specifically so that the defendant cannot be later prosecuted for the same offense.

The fact that the Government may be required in advance of the trial to disclose its evidence in and of itself is not a ground for denial of a motion for a bill of particulars if such information is necessary in order to enable a defendant to prepare for trial and meet the charges made against him. A bill of particulars should not be granted where the charge is clearcut and sufficiently advises the defendant of the accusation against him.

In each of the counts of the information there is alleged the time and place of the commission of the alleged offenses, the names of the employees concerning whom the violation is claimed and the amount of compensation which the defendants failed to pay to such employees.

Counts 1 to 14 are limited by stating the amount of compensation which the defendants claimed to pay to the employees named in counts 1 to 14 of the information.

Counts 15 to 23 contain the same particulars as set forth in counts 1 to 14 with respect to the violation of law relating to overtime. The hours beyond the statutory maximum for which the employees were not properly compensated are stated to be in excess of forty-two hours.

Counts 24, 25 and 26 charge the falsification of records as to certain employees and the weeks within which the falsification took place.

Count 27 deals with the failure to keep a required record "pursuant to the provisions of Section 11(c) of the Fair Labor Standards Act of 1938, and pursuant to the regulations duly issued thereunder and hereinbefore referred to and known as Title 29, Chapter V, Code of Federal Regulations, Part 516; to wit, a record of the hours worked each workday and each workweek by each person employed by said defendants, including persons so employed in the producing and manufacturing of goods, to wit, ladies' garments for interstate commerce".

It is alleged in counts 28, 29 and 30 that the goods were intended to be shipped, sold and delivered in interstate commerce to a named purchaser with his address. The kind of garments are adequately and sufficiently described as "ladies' garments". The charge is made that the defendants failed to pay wages as prescribed by the Fair Labor Standards Act of 1938.

It will be noted that items 1, 2, 4, 5, 6, 9, 10 and 14 require the Government to furnish greater detail relating to the hours employed. All of the counts dealing with the number of hours do charge hours in excess of the applicable maximum permitted for straight time under the Act. This varies from 40 to 44 hours. In each of the counts there is stated the number of hours. The Government need not establish with exactness the number of hours provided it proves that work was performed beyond the stated maximum. Therefore, furnishing the number of hours beyond such maximum is unnecessary for the defendants in order to prepare for trial.

Item 8 relates to the description of the books kept by the defendants which were false. In this respect the Government is limited to the books and records referred to as alleged in the information as follows: "a record kept pursuant to the provisions of Section 11(c) of the Fair Labor Standards Act of 1938, and pursuant to the regulations duly issued thereunder hereinbefore referred to, and known as Title 29, Chapter V, Code of Federal Regulations, Part 516".

In Item 12 information is sought as to whether it will be claimed incomplete or insufficient records were made in view of the fact that the Government in its brief states, "The demand contemplates an allegation of 'incomplete or insufficient records'." It will be held to such statement. No particulars will be required on count 27.

Item 13 relates to counts 23, 29 and 30 and requests the time, description and quantity of goods sold to the designated firm. In each of these counts the goods are designated as "ladies' garments" which is a sufficient description. The time at which they were shipped and the place to which they were shipped is set forth.

The defendants are sufficiently apprised of the crimes charged. To grant the bill of particulars would require the Government to disclose all of its evidence. The effect of a bill of particulars is to limit the proof. The filing of such bill of particulars would estop the Government from offering evidence which it obtained after the granting of the motion for the bill of particulars. This is a matter which may properly be considered by the Court

upon an application for a bill of particulars. The granting of a motion for a bill of particulars rests within the sound discretion of the Court. See United States v. Gouled, D.C., 253 F. 239; United States v. Rosenwasser Brothers, Inc., D.C., 255 F. 233; United States v. Pierce, D.C., 245 F. 888; United States v. Irving Wexler, D.C., 6 F.Supp. 258.

The United States Attorney having consented, the motion as to items 3, 7, 8 and 11 will be granted. The motion is denied as to the other items as sufficient information is set forth in the information to enable the defendants to prepare for trial.

Settle order on notice.