## Commonwealth v. Gay

*Harold Diamond,* for petitioner.

*John C. Anderson,* Assistant District Attorney, for Commonwealth.

STOUT, J., October 4, 1972.—Petitioner filed a petition for a bill of particulars in which, in order to

prepare his defense, he asked for a list of the witnesses the Commonwealth intends to call in its case against him for murder and robbery. He did not specify under which rule the relief was sought. Even though the petition is denied because it seeks that to which defendant is not entitled, a discussion of three of the Pennsylvania Rules of Criminal Procedure, Rules 221,310 and 304, is included in this memorandum for the guidance of those who might find such discussion helpful.

Petitioner is not entitled to relief under rule 221 which relates to a bill of particulars.

District Judge Whittaker, later Justice Whittaker, of the United States Supreme Court, taught in United States v. Smith, 16 F.R.D. 372, 374-75 (1954), that:

". . . [The] proper office [of a bill of particulars] 'is to furnish to the defendant further information respecting the charge stated in the indictment when necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial.' "

At page 376 he said: ". . . the government (having given the facts respecting the offences, and the name of the person with whom the defendant is alleged to have dealt) should not be required to state the names and addresses of the witnesses it proposed to use upon the trial."

The rule as stated by then District Judge Whittaker is the general rule. To the same effect, see Welty v. Clute, 1 F.R.D. 447 (1940). ("Its [bill of particulars] purpose is to enable defendants to answer.") United States v. Gouled, 253 Fed. 239 (1918) (" [It] is to advise the court, and more particularly the defendant, of what facts he will be required to meet.") State v. Harness, 238 N.W. 430, 431 (Iowa, 1931) (" [A] 'bill of particulars' in legal effect is a more specific statement of details of the offense charged.") Commonwealth v. Jordan, 207 Mass. 259, 93 N.E. 809, 811

(1911) ("The office of a bill of particulars is not to compel the Commonwealth to disclose its evidence, but to give the defendant such information in addition to that contained in the complaint or indictment in regard to the crime with which he is charged, as law and justice require that he should have in order to safeguard his constitutional rights and to enable him fully to understand the crime and to prepare his defense . . . but it should at least appear that without the information which is desired justice . . . may not be done.") See also, Right of accused to bill of particulars, 5 A.L.R. 2d 444-569.

Petitioner is not entitled to relief under rule 310 which relates to pretrial discovery and inspection.

Rule 310 governs situations in which the district attorney is called upon to produce physical evidence which is in his control. Witnesses, not being physical evidence, do not fall within the ambit of this rule: Lewis v. Lebanon Court of Common Pleas, 436 Pa. 296, 260 A. 2d 184 (1969). See also, Right of Accused in State Courts To Inspection or Disclosure of Evidence in Possession of Prosecution, 7 A.L.R. 3rd 8.

Rule 304, which governs pretrial applications for relief, is the rule under which the petition should have been brought.

The comment on rule 304, contains an illustrative but not an exhaustive list of 12 kinds of pretrial applications which may be made under it. A pretrial application for the names of prosecution witnesses should be brought under this rule: Commonwealth v. Bordinger, 12 Lyc. 116 (1970).

Under the law of Pennsylvania, defendant is not entitled to relief.

At common law, there was no rule permitting a defendant to obtain names of witnesses intended to be produced on behalf of the prosecution: Wigmore, 3d

ed., §1850. There is no constitutional requirement that the government disclose its witnesses even when the defendant contends such disclosure is necessary to prepare his defense: U. S. v. Seasholtz, 435 F. 2d 4 (10th Cir., 1970). Even though section 2.1(a)(i) of the American Bar Association's Standards Relating to Discovery and Procedure Before Trial indicates that, "the names and addresses of persons whom the prosecuting attorney intends to call as witnesses at the hearing or trial, together with their relevant written or recorded statements," should be disclosed to defense counsel, and even though some 22 States require by statute or rule that the accused be notified prior to trial of the witnesses to be called against him,[1] the only statutory right to prosecution witnesses in Pennsylvania is given to those defendants charged with treason.[2] Lower court decisions look both ways:

[1] See compilation of statute citations at page 57 of Standards Relating to Discovery and Procedure Before Trial, and see discussion of statutes and cases in Wigmore, 3d ed., §§1850-1855.

For general discussion, see Pre-trial Disclosure in Criminal Cases—Names of Prosecution Witnesses, 60 Yale Law Journal 626, at page 631 (1951).

[2] Act of March 31, 1860, P. L. 427, sec. 35, 19 PS §782, provides:

"Every person indicted for treason shall have . . . a list of . . . the witnesses to be produced on the trial for proving such indictment, mentioning the names and places of abode of such . . . witnesses, delivered to him three whole days before the trial."

18 U.S.C. §3432 provides:

"A person charged with treason or other capital offense at least three entire days before commencement of trial be furnished with a copy of the indictment and a list of . . . the witnesses to be produced on the trial for proving the indictment, stating the place of abode of each . . . witness."

Section 782 of Title 19 of Purdon's Pennsylvania Statutes was taken from the same source as 18 U.S.C. §3432, i.e., §29 of the Act of Congress of April 30, 1790, c.9, §29, 1 Stat. 118, Rev. Stat. U.S. §1033.

Commonwealth v. Runkle, 50 D. & C. 2d 205 (Cambria County, 1970) granted petition to disclose witnesses: Commonwealth v. Bordinger, supra, denied petition to disclose witnesses.

In the absence of direction from the Supreme Court of Pennsylvania to the contrary, this petition must be denied in accordance with the law of Pennsylvania as it now stands.

---

The omission from the Pennsylvania enactment of the language "or other capital offense" found in the Federal statute would indicate a legislative intent not to extend the right to a list of prosecution witnesses to defendants charged with any crime except treason.

