**UNITED STATES of America**

v.

**Martin YARUS, also known as "George Tyne", and "Buddy Yarus", Defendant.**

United States District Court
S. D. New York.

Oct. 28, 1961.

Robert M. Morgenthau, U. S. Atty., New York City, Irving Younger, Asst. U. S. Atty., New York City, of counsel, for United States of America.

Rabinowitz & Boudin, New York City, Leonard B. Boudin, New York City, of counsel, for defendant.

SUGARMAN, District Judge.

On August 15, 1955, Martin Yarus appeared before a subcommittee of the House Un-American Activities Committee after being served with compulsory process.

He was asked certain questions and refused to answer them.

Thereupon he was indicted under 2 U.S.C.A. § 192, for deliberately and intentionally refusing to answer thirteen of these questions.

From the evidence adduced, I find that the defendant was duly summoned to give testimony by authority of the House of Representatives upon a matter under inquiry by a Committee of the House of Representatives, to wit, the Committee on Un-American Activities. In response to a subpoena, the defendant appeared before a subcommittee of the Committee, appointed to investigate communist infiltration in the field of entertainment in New York. After being so summoned the defendant willfully refused to answer the questions set forth in each count of the indictment, except that question quoted in Count Eight, which question the defendant was not categorically directed to answer. The questions were pertinent to the matter under inquiry and the pertinency of the questions was known to the defendant.

However, as hereinafter appears, I am obliged to acquit the defendant.

 The defendant contends that the subcommittee failed to establish "pertinency" upon the defendant's objections. The matter under inquiry when defendant appeared was communist infiltration in the field of entertainment in New York. It is clear to the court that the questions put to the witness were in fact pertinent to that subject.

Defendant correctly shows that since the Watkins [1] and Deutch [2] decisions, this finding is only half of the issue of contempt in this type prosecution.[3] To convict, the government must also satisfactorily establish that the recalcitrant witness knew of the pertinency before he can be held to have "willfully" refused to answer. It appears that such knowledge is imputed absent an appropriate objection.[4]

If an appropriate objection be raised at the hearing, the trier of the facts in a prosecution under 2 U.S.C.A. § 192 must find that the pertinency of the questions when asked was shown to the defendant.

 I find that the defendant did not raise the issue of pertinency before the subcommittee. In the apt words of the Deutch decision, 367 U.S. at page 469, 81 S.Ct. at page 1594:

"It is also evident, however, that the thoughts which the petitioner voiced in refusing to answer the questions about other people can hardly be considered as the equivalent of an objection upon the grounds of pertinency. Although he did in-

1. Watkins v. United States, 1957, 354 U.S. 178, 77 S.Ct. 1173, 1 L.Ed.2d 1273.

2. Deutch v. United States, 1961, 367 U.S. 456, 81 S.Ct. 1587, 6 L.Ed.2d 963.

3. And this issue is always one for the court. United States v. Turoff, 2 Cir., 1961, 291 F.2d 864.

4. Watkins v. United States, note 1, 354 U.S. at page 214, 77 S.Ct. at page 1193.

dicate doubt as to the importance of the questions, the petitioner's main concern was clearly his own conscientious unwillingness to act as an informer. It can hardly be considered, therefore, that the objections which the petitioner made at the time were 'adequate, within the meaning of what was said in Watkins, supra [354 U.S.], at [pages] 214–215 [77 S.Ct. at pages 1193–1194], to trigger what would have been the Subcommittee's reciprocal obligation had it been faced with a pertinency objection.' Barenblatt, supra [Barenblatt v. United States], 360 U.S. [109] at page 124, 79 S.Ct. [1081] at page 1091 [3 L.Ed.2d 1115]."

Assuming, however, that the defendant had objected to the questions posed on the grounds of pertinency, I am satisfied that he well knew the subject matter under inquiry and that the questions asked of him pertained thereto. His replies to questions and his statements of his reasons for refusing to answer taken in context show this knowledge on his part.

 The defendant further contends that the prosecution was fatally defective in that the indictment failed to allege the subcommittee's chain of authority. The indictment charges that

"The Committee * * * on or about the 8th day of June, 1955, directed that an investigation be conducted. * * *"

The resolution of June 8, 1955, reads in pertinent part:

"The clerk was directed to proceed with the investigation of communist infiltration in the field of entertainment in New York, a preliminary investigation having been authorized earlier in the year." [5]

5. Exhibit 7.

6. Exhibit 8.

7. United States v. Lamont, D.C.S.D.N.Y. 1955, 18 F.R.D. 27, 33, affirmed 2 Cir., 1956, 236 F.2d 312.

It is conceded that the resolution of June 8, 1955 was merely an authorization of a preliminary staff investigation and that it was not until July 27, 1955 at a meeting of the Committee in executive session:

"The hearings on Communist infiltration in the entertainment field to be held in New York City were set for August 15, 16 and 17 and 18 and the subcommittee appointed consisted of Messrs. Walter, Willis and Scherer." [6]

This latter resolution is not mentioned in the indictment.

Clearly there was a variance between the charge and the proof. However, I am not persuaded that the variance *per se* was fatal.

Although it is established in this Circuit that:

"If the government contends, as eventually it must to sustain a conviction, that the Permanent Subcommittee on Investigations was a duly authorized committee and engaged in conducting an investigation within the scope of delegated authority, then this, together with the source of its claimed authority, whether it be a resolution of the Senate or the parent committee, should be alleged in the indictment." [7]

F.R.Crim.P. 52(a), 18 U.S.C.A., provides:

"*Harmless Error.* Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."

There is abundant authority that a variance between pleading and proof is not fatal where no substantial rights of the defendant are affected.[8] Defendant certainly cannot be again prosecuted under 2 U.S.C.A. § 192 for his refusal to

8. Berger v. United States, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314; Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557; United States v. Sing Kee, 2 Cir., 1957, 250 F.2d 236; United States v. Russano, 2 Cir., 1958, 257 F.2d 712.

answer the questions set forth in the indictment. He cannot claim he was surprised at the trial; the resolution of June 8, 1955 was at least as informative in regard to the question under inquiry as was the resolution of July 27, 1955.

 However, the defendant had by notice of motion dated May 2, 1957 moved for an order *inter alia* "requiring the United States of America within the time specified in said order to serve upon the attorneys for the defendant and to file herein a bill of particulars supplying the following information with respect to the indictment. * * * iii) State whether, when and in what manner the said subcommittee was authorized to hold the hearings alleged in the indictment and set forth a copy of the minutes of the meeting and resolution or direction making such authorization".

This motion was granted and a bill of particulars dated October 13, 1959 was given to defendant.

The bill of particulars is silent in regard to the resolution of July 27, 1955, a vital link in the prosecution's evidence, conditionally admitted over defendant's objection as Exhibit 8.

Absent a timely amendment of the bill of particulars,[9] " 'it concludes the rights of all parties to be affected by it, and he who has furnished the bill of particulars under it must be confined to the particulars he has specified as closely and effectually as if they constituted essential allegations in a special declaration' ".[10]

The court reserved decision of the question whether Exhibit 8 would be finally admitted[11] and it now concludes that the document should not be received because it was not identified in the government's bill of particulars.

Without this vital link, the prosecution cannot succeed.[12]

Of course, it is "harmless error" to admit more evidence of the crime than was set forth in the bill of particulars where substantial rights are not affected because sufficient properly admitted evidence proves the charge.[13] Such, obviously, is not the instant case.

Had there been no bill of particulars filed in this case the defendant would not be heard to complain of a variance because of the "harmless error" rule. But it cannot be said that "substantial rights" are not affected if crucial evidence is admitted over defendant's objection, which evidence must be excluded under the rationale of the cases cited herein at footnote 10.

Absent from the proof the indispensable resolution of July 27, 1955, the defendant must be and he is found not guilty.

The foregoing constitutes the court's findings. F.R.Crim.P. 23(c).

---

9. F.R.Crim.P. 7(f): "A bill of particulars may be amended at any time subject to such conditions as justice requires."

10. Commonwealth v. Giles, 67 Mass. 466, 1 Gray 466, cited and approved in Dunlop v. United States, 165 U.S. 486, 17 S.Ct. 375, 41 L.Ed. 799, quoted in United States v. Neff, 3 Cir., 1954, 212 F.2d 297, 309; Land v. United States, 4 Cir., 1949, 177 F.2d 346, 349; United States v. Gilboy, D.C.Pa.1958, 160 F.Supp. 442; United States v. Gouled, D.C.S.D.N.Y. 1918, 253 F. 239, 240; United States v. Pierce, D.C.S.D.N.Y.1917, 245 F. 888,

890; see United States v. Kessler, D.C. E.D.N.Y.1942, 43 F.Supp. 408, 412.

11. S.M. 12, 13, June 26, 1961. In a *post trial* memorandum, the government adverts to a letter "amending the bill of particulars originally filed". The letter is not before the court so that the government's characterization of the effect of such a letter cannot be accepted at this late stage.

12. United States v. Lamont, note 7 supra.

13. United States v. Costello, 2 Cir., 1955, 221 F.2d 668, 675, affirmed 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397.