### UNITED STATES of America

v.

Ivan Dmitrievich EGOROV, a/k/a Ivan D. Yegorov, Aleksandra Ivanovna Egorova, a/k/a Alexandra I. Egorova, John Doe, a/k/a Robert Keistutis Baltch, a/k/a Robert Baltch, and Jane Doe, a/k/a Joy Ann Garber, a/k/a Joy Ann Baltch, a/k/a Joy A. Baltch.

No. 63–CR–314.

United States District Court
E. D. New York.

Oct. 29, 1963.

See also 222 F.Supp. 106.

Edward Brodsky, New York City, for defendants Baltch.

Joseph P. Hoey, U. S. Atty., by Joseph Marcheso, Asst. U. S. Atty., of counsel, for the United States.

RAYFIEL, District Judge.

On July 15, 1963 a two-count indictment was returned against the above-named defendants, count 1 of which charges that from on or about March, 1963, and continuously thereafter up to and including the date of the filing thereof, the defendants, in violation of Section 794(c) of Title 18 United States Code, unlawfully, knowingly and wilfully conspired with certain named and unnamed officials of the Soviet Military Intelligence and divers other persons to violate Section 794(a) of said Title by agreeing to communicate, deliver and transmit to a foreign government, or its representatives or agents, information relating to the national defense of the United States, with intent or reason to believe that it would be used to the advantage of said foreign government.

Count 2 charges that on or about the same dates, in Moscow, in the Districts of Columbia and Maryland, and elsewhere, the defendants, not being diplomatic or consular officers or attachés of a foreign government, in violation of Section 371 of said Title, conspired with various named and unnamed officials of the Soviet Military Intelligence to violate the provisions of Section 951 of said Title.

The defendants John Doe, also known as Robert Keistutis Baltch and Robert Baltch, and Jane Doe, also known as Joy Ann Garber, Joy Ann Baltch and Joy A. Baltch, have moved this Court

1. for an order under Rule 14 of the Federal Rules of Criminal Procedure severing the case against them from the other defendants named in the indictment,

2. for an order under Section 3432 of Title 18 United States Code, directing the United States Attorney to immediately furnish a list of the witnesses to be produced at the trial for proving the indictment and a list of the veniremen, stating the address of each witness and venireman,

3. for an order under Rule 7(f) of the said Rules directing the United States Attorney to serve and file a bill of particulars in accordance with the demand set forth in the notice, and

4. for an order under Rule 41(e) of the said Rules directing the suppression of all evidence seized in Apartment 42 in 2839 27th Street, N.W., Washington, D. C. on July 2, 1963. With respect to this item of relief the defendants requested, in the alternative, "that the Court direct that a hearing be held with respect to said property * * *."

*The motion for a severance.*

The application for a severance is now academic, the indictment against the co-defendants Egorov and Egorova having been dismissed on October 14, 1963,

*The motion under Section 3432.*

█ This being a capital case the Government, as provided by Section 3432, supra, is required to furnish the defendants, "at least three entire days before commencement of trial," with a list of the veniremen and their addresses, and a list of the witnesses whom it will produce "on the trial *for proving the indictment*," together with their addresses. In view of the fact that the Government intends to call a substantial number of witnesses, it is directed to furnish the defendants with their names and addresses at least 10 days before the commencement of the trial. The names and addresses of the veniremen will be forwarded immediately after they are available to the Government.

*The motion for a bill of particulars.*

██ The demand for a bill of particulars herein includes upwards of one hundred items and subdivisions, a substantial number of which seek a quite detailed and, in some instances, a complete disclosure of the Government's evidence. These latter are denied. "The government should not be compelled by a bill of particulars to make a 'complete discovery' of its entire case. Braatelien v. United States, 8 Cir., 147 F.2d 888; Rubio v. United States, 9 Cir., 22 F.2d 766 certiorari denied 276 U.S. 619, 48 S.Ct. 213, 72 L.Ed. 734." Nye & Nissen v. United States, 9 Cir., 168 F.2d 846 (Affirmed 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919). Compliance with certain other demands would have had the effect of limiting the Government's proof. These, too, are denied. See United States v. Yarus, D.C., 198 F.Supp. 425, and cases cited in Note 10 thereof. See also United States v. Murray, 2 Cir., 297 F.2d 812, 819.

The following disposition is made of the defendants' demands:

Items 1, 3, 6(b), 6(d), 6(e), 6(f), 6(g), 7(c), 7(e), 8(c), 8(e), 9(b), 10, 11(c), 11(d), 13, 14(d), 14(e), 15(c), 16(c), 17(c), 19(c), 19(d), 19(e), 20(b), 21(b), 22(c), 22(d), 22(e), 24, 25, 28, 30, 33, 35, 38, 40, 43, 45, 48, 50, 53, 55, 56, 59, 60, 63, 64(a), 64(b), 64(c), 65(a), 65(b), 65(c) are denied.

Items 2 and 62 are granted to the extent that the Government will state the place or places within each of the three Districts in the United States where "the conspiracy took place."

Items 4, 5, 61 are granted only as to those, if any, whom the Government intends to call as witnesses.

Items 6(a), 21(c), 21(d) are granted, if known to the Government.

Items 6(c), 7(d), 8(d), 11(b), 14(c) and 16(b) are granted if the person is one whom the Government intends to call as a witness.

Items 7(a) and 8(a) are granted as to the defendants, and as to those co-conspirators whom the Government intends to call as witnesses.

Items 7(b) and 8(b) are granted as to the address or addresses where the information was collected or obtained.

Item 9(a) is granted as to the defendant, and as to those co-conspirators and other persons whom the Government intends to call as witnesses.

Item 11(a). If the answer to item 11 is "yes" then the Government will state the place of such contacts.

Item 12(a) is granted as to the names of those whom the Government will call as witnesses and as to the place of such supervision.

Item 12(b) is granted only as to the place of such payment and the names of those whom the Government intends to call as witnesses.

Item 12(c) is granted only as to the place of such maintenance and the names of those persons whom the Government intends to call as witnesses.

Item 14(a) is granted as to the place of each such attempt.

Item 14(b). If the person in question was a defendant herein, then give his or her name; if it was not, then give his name only if the Government intends to call him as a witness.

Items 15(a) and 15(b) are granted only as to the place, and as to the name of

the person, if the Government intends to call him as a witness.

Item 16(a) is granted if he was a defendant or a person whom the Government intends to call as a witness.

Item 16(d) is granted as to the place, if it was within the continental United States.

Item 16(e) is granted only as to the place.

Items 17(a) and 17(b) are granted as to the date and as to the name of the person if he is a defendant or a person whom the Government intends to call as a witness.

Items 18(a), 18(c), 18(d) and 20(a) are granted.

Item 18(b) is granted as to the date.

Items 19(a) and 19(b) are granted if the person is a defendant or one whom the Government intends to call as a witness.

Item 21(a) is granted as to the identity of the persons in whose names were issued the passports used by the defendants.

Item 22(a). Granted if the person was a defendant or one whom the Government intends to call as a witness.

Item 22(b). Granted as in 22(a), and also as to the place.

Item 23 is denied, except as to the name of the person if he is a defendant or one whom the Government intends to call as a witness.

Items 26, 31, 36, 41, 46, 51 and 57 are granted as to the exact date, if known, and the approximate time.

Items 27, 32, 37, 42, 47, 52 and 58 are granted if the place has a specific address.

Items 29, 34, 39, 44 and 49 are granted if the persons were defendants or individuals whom the Government intends to call as witnesses.

Item 54. The Government will state whether the Egorovs and the Baltches were together.

Respecting those of the aforementioned items wherein the Government is directed to furnish the names of certain persons provided that it intends to call them as witnesses, the Court refers only to those witnesses to be called *to prove the indictment.*

*The motion under Rule 41(e).*

The defendants base their motion to suppress on the ground

1. that the affidavit of Government Agent Moore, submitted in support of the application for a search warrant herein, did not meet the required test that there be probable cause to believe that the apartment in question contained property used in the commission of a crime, and,

2. on information and belief, that the government agents used illegal eavesdropping methods to obtain leads which resulted in the decision to search the apartment.

Submitted in support of the defendants' application is the comprehensive affidavit of Edward Brodsky, Esq., their counsel, devoted chiefly to a detailed analysis of Agent Moore's said affidavit and claims of its insufficiency and inadequacy. On the basis of what follows it is my considered opinion that the Moore affidavit amply meets the prescribed standards for the issuance of a search warrant.

Agent Moore is a Special Agent of the Federal Bureau of Investigation. His extensive affidavit states, in substance, that he has cause to believe, and believes, that certain articles and paraphernalia, described therein in detail, are kept and concealed in Apartment 42 in the premises No. 2839—27th Street, N.W., Washington, D. C., occupied by the defendants Baltch; that the property in question is designed and intended for use in the commission of acts of espionage in furtherance of a conspiracy among all of the above-named defendants to communicate and deliver to the Union of Soviet Socialist Republics information relating to the national defense of the United States; that the information respecting the property described in said affidavit was obtained through an investigation conduct-

ed by the Federal Bureau of Investigation and from a confidential source which had previously furnished reliable information to the said Agency.

Agent Moore's affidavit further states that for more than four years next preceding the date thereof the defendants Baltch, in order to conceal their nationality and identity, assumed those of two living persons who are citizens of the United States, Robert Keistutis Baltch and Joy Ann Garber, whose existence was determined after an investigation by said Agency; that on or about June 6, 1963 a known Soviet Intelligence agent was observed by an F.B.I. agent as he was depositing in a magnetic container at a so-called "drop" point in Astoria, in this District, information relating to rocket-launching sites which he had obtained at the request of his Soviet superiors, and shortly thereafter the defendant Egorov, accompanied by the defendant Egorova, his wife, was observed collecting the said container and passing it to his wife, who then concealed it in her pocketbook.

Further, that on or about June 15, 1963 the defendant Egorov was observed by an F.B.I. agent placing a parcel at a "drop" point in Woodside, in this District, and shortly thereafter the defendant Robert Baltch was observed collecting the same after which he traveled from New York City to Washington, D. C., where, on the following day, he was observed contacting the defendant Joy Ann Baltch at the premises 2839—27th Street, N. W., Washington, D. C.

The said affidavit further states that on July 1, 1963 the aforementioned Soviet agent, who is an officer of the Soviet Military Intelligence, informed F.B.I. agents that only officers of said Intelligence organization knew the location of and were permitted to use the said "drop" points, and that every Soviet espionage agent is furnished with espionage material and paraphernalia, such as codes, ciphers, secret writing material, false identification and credentials.

■■ In an application for a warrant the Government is not required, of course, to give all the evidence it has against those alleged to be involved in the acts charged. Nor does the existence of probable cause require that government agents then possess legal evidence sufficient to convict. Washington v. United States, 92 U.S.App.D.C. 31, 202 F.2d 214. As stated in United States v. Nicholson, 5 Cir., 303 F.2d 330 at page 332, "Probable cause exists where the facts and circumstances within the officer's knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. Brinegar v. United States, supra, 338 U.S. [160] 175–176, 69 S.Ct. 1302 [92 L.Ed. 1879]; Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327." (Cert. denied 371 U.S. 823, 83 S.Ct. 43, 9 L.Ed.2d 63.) See also Evans v. United States of America, 5 Cir., 242 F.2d 534; cert. denied, 353 U.S. 976, 77 S.Ct. 1059, 1 L.Ed.2d 1137. Trustworthy information, although technical hearsay, may furnish probable cause. Monnette v. United States, 5 Cir., 299 F.2d 847, 850.

■ The quantum of proof required is only so much as will satisfy the Commissioner that there is probable cause to believe that the grounds for the application exist. The question, then, is: does Moore's affidavit, as a whole, set forth sufficient facts to constitute such probable cause.

Obviously, only persons of superior intelligence are selected to engage in the complex illicit activities with which these defendants are charged. Of necessity, they operate clandestinely, and generally, if not invariably, in association with others similarly engaged. Just as obviously, the Federal Bureau of Investigation, entrusted with the protection of our national security, is obliged to and does assign many of its agents to co-operate in the task of investigating and ferreting out facts and information which will aid

in the apprehension and prosecution of those involved therein. Here we have just such a situation. The defendants Baltch were suspect, if for no other reason than the fact that for more than four years last past they had been masquerading as two other persons, citizens of the United States, possessing passports bearing the names of said citizens.

Doubtless, part, probably even a substantial part, of the contents of Agent Moore's affidavit is based on hearsay, but in the light of the nature, pattern and method of the defendants' alleged operations, and the fact that constant surveillance of the persons involved therein was vital to the security of the United States, it was necessary to assign a number of agents to the investigation, each carrying out specific assignments in co-operation with his colleagues. There was a substantial basis for crediting the "hearsay" information conveyed to Agent Moore by his fellow agents and I am satisfied that in view of all facts and circumstances Agent Moore's affidavit contained at least "probable cause" for the issuance of the search warrant herein by the Commissioner.

But if that were not enough the search and seizure complained of were valid since they followed the arrest of the defendants Baltch, made pursuant to a warrant of arrest issued by United States Commissioner Schiffman, of the Eastern District of New York, upon the comprehensive affidavit of Special Agent Herbert D. Clough, Jr., of the Federal Bureau of Investigation, which clearly provided probable cause for its issuance.

No proof was adduced by the defendants Baltch to support their claim that the evidence against them was obtained by illegal eavesdropping, nor did they claim that the aforementioned warrant of arrest was invalid.

In view of all the facts and circumstances there is no basis for a hearing herein.

The motion to suppress is denied.

Settle order on notice.