**UNITED STATES of America, Plaintiff,**

v.

**LEWIS FOOD COMPANY, Inc., Defendant.**

**No. 32456.**

United States District Court
S. D. California,
Central Division.

Nov. 25, 1964.

**850**

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Chief, Criminal Section, J. Brin Schulman, Asst. U. S. Atty., Asst. Chief, Criminal Section, for plaintiff.

Murchison, Cumming, Baker & Velpmen, R. Bruce Murchison, by Wm. Bryan Osborne, Los Angeles, Cal., for defendant.

TAVARES, District Judge.

The Grand Jury of this district has returned an Indictment against defendant in four Counts charging that defendant at all material times was a California corporation, that on June 5, 1962, a primary election was held in California in which candidates for the office of United States Senator and candidates for the office of member of the United States House of Representatives were to be selected and that three times in July, 1962, and once in August, 1962, defendant "did unlawfully make an expenditure in connection with the aforesaid primary election in that the defendant," in the Central Division of the Southern District of California, "pursuant to an agreement made before said election, did make payment to the Rockett Lauritzen Advertising Agency for the placement of an advertisement concerning candidates therein" which advertisement appeared in various named newspapers on June 4, 1962.[1] Count I charges such publication in twelve newspapers, Count II charges such publication in eight newspapers, Count III charges such publication in fourteen newspapers and Count IV charges such publication in one newspaper. Said newspapers were published in various cities and towns throughout northern, central and southern California. The amounts expended therefor alleged in Count I ranged from $159.12 to $1,127.10, totaling $5,509.62, those alleged in Count II ranged from $79.56 to $1,093.95, totaling $2,042.04, those alleged in Count III ranged from $53.04 to $563.55, totaling $1,786.38, and that alleged in Count IV was $185.64. The total expenditures alleged are $9,523.68.

---

1. Count III re-alleges Counts I and II and Count IV re-alleges Counts I, II, and III. Defendant has made no objection thereto.

Each Count is based upon 18 United States Code, Section 610, the pertinent parts of which are as follows:

"It is unlawful for any * * * corporation whatever, or any labor organization to make a contribution or expenditure in connection with any election at which Presidential and Vice Presidential electors or a Senator or Representative in, or a Delegate or Resident Commissioner to Congress are to be voted for, or in connection with any primary election or political convention or caucus held to select candidates for any of the foregoing offices, * * *.

"Every corporation or labor organization which makes any contribution or expenditure in violation of this section shall be fined not more than $5,000; * * *"

Defendant has moved to dismiss the Indictment on the grounds that 18 United States Code, Section 610, "is unconstitutional on its face" and that the Indictment does not state an offense.

The Government furnished defendant a bill of particulars containing a copy of said alleged advertisement. A copy of said alleged advertisement is hereunto attached.

(Political Advertisement)

# IMPORTANT NOTICE TO VOTERS

If you don't know your candidate, know his voting record. The one sure way to retain our free enterprise system, our constitutional government and freedom under God — vote for the candidates whose voting record indicates that they believe in those principles. If you as voters do not like their voting record, then you have a right and privilege to vote a new candidate in their place, and tell your new candidate what you might expect from him.

The index below shows the voting record of those who represent you in California and Washington, D. C., now. This index is based on and compiled by the AMERICAN PURPOSE, P.O. Box 73541, Los Angeles 5, Calif., Congressional Rating Index, and shows the percentage of his votes cast in favor of constitutional principles. How to read report — 100% is perfect.

### UNITED STATES SENATORS: Kuchel (R) 22% — Engle (D) 6%

### MEMBERS OF THE HOUSE OF REPRESENTATIVES

| District | Rating | District | Rating | District | Rating |
|---|---|---|---|---|---|
| 1. Miller, C. (D) | 0% | 11. McFall (D) | 0% | 21. Hiestand (R) | 89% |
| 2. Johnson (D) | 0 | 12. Sisk (D) | 0 | 22. Corman (D) | 5 |
| 3. Moss (D) | 0 | 13. Teague (R) | 61 | 23. Doyle (D) | 0 |
| 4. Mailliard (R) | 30 | 14. Hagen (D) | 0 | 24. Lipscomb (R) | 86 |
| 5. Shelley (D) | 5 | 15. McDonough (R) | 69 | 25. Rousselot (R) | 95 |
| 6. Baldwin (R) | 18 | 16. Bell (R) | 78 | 26. Roosevelt (D) | 0 |
| 7. Cohelan (D) | 5 | 17. King (D) | 0 | 27. Sheppard (D) | 14 |
| 8. Miller, G. (D) | 5 | 18. Hosmer (R) | 53 | 28. Utt (R) | 100 |
| 9. Younger (R) | 59 | 19. Holifield (D) | 0 | 29. Saund (D) | 0 |
| 10. Gubser (R) | 59 | 20. Smith (R) | 94 | 30. Wilson (R) | 80 |

## CALIFORNIA STATE SENATORS

| District | Rating | District | Rating | District | Rating |
|---|---|---|---|---|---|
| 1. Arnold (D) | 11% | 15. Gibson (D) | 63% | 29. Sturgeon (R) | 60% |
| 2. Collier (D) | 20 | 16. Holmdahl (D) | 36 | 30. Burns (D) | 50 |
| 3. Christensen (D) | 40 | 17. Miller (D) | 25 | 31. Hollister | (dec'd) |
| 4. Slattery (D) | 30 | 18. Thompson (R) | 70 | 32. Williams | (dec'd) |
| 5. Regan (D) | 13 | 19. Rodda (D) | 10 | 33. McBride | (dec'd) |
| 6. Byrne (R) | 80 | 20. Short (D) | 0 | 34. Stiern (D) | 50 |
| 7. Cameron (D) | 18 | 21. Dolwig (R) | 67 | 35. Murdy (R) | 70 |
| 8. O'Sullivan (D) | 18 | 22. Donnelly (D) | 73 | 36. Shaw (D) | 43 |
| 9. Begovich (D) | 20 | 23. Grunsky (R) | 70 | 37. Backstrand (R) | 78 |
| 10. Johnson (R) | 80 | 24. Cobey (D) | 30 | 38. Richards (D) | 27 |
| 11. Geddes (D) | 0 | 25. Farr (D) | 0 | 39. Quick (D) | 27 |
| 12. Rattigan (D) | 11 | 26. Teale (D) | 11 | 40. Fisher (D) | 0 |
| 13. McCarthy (R) | 67 | 27. Williams (D) | 0 | | |
| 14. McAteer (D) | 22 | 28. Brown (D) | 30 | | |

## CALIFORNIA STATE ASSEMBLYMEN

| District | Rating | District | Rating | District | Rating |
|---|---|---|---|---|---|
| 1. Belotti (R) | 81% | 28. Bradley (R) | 100% | 55. Kilpatrick (D) | 7% |
| 2. Davis (D) | 27 | 29. Allen, B. (R) | 67 | 56. Wolfrum (R) | 88 |
| 3. Lowrey (D) | 43 | 30. Brown (D) | 20 | 57. Conrad (R) | 93 |
| 4. Sedgwick (R) | 85 | 31. Winton (D) | 14 | 58. Shell (R) | 100 |
| 5. Leggett (D) | 13 | 32. DeLotto (D) | 12 | 59. Rees (D) | 0 |
| 6. Lunardi (D) | 27 | 33. Garrigus (D) | 15 | 60. Lovering (R) | 93 |
| 7. Bagley (R) | 88 | 34. Pattee (R) | 57 | 61. McMillan (D) | 6 |
| 8. Hicks (D) | 6 | 35. Frew (D) | 29 | 62. Hawkins (D) | 0 |
| 9. Z'berg (D) | 0 | 36. Holmes (R) | 53 | 63. Allen, D. (R) | 0 |
| 10. Waldie (D) | 0 | 37. Cunningham (D) | 12 | 64. Cusanovich (R) | 83 |
| 11. Knox (D) | 0 | 38. Casey (D) | 8 | 65. Unruh (D) | 13 |
| 12. Monagan (R) | 77 | 39. Williamson (D) | 19 | 66. Wilson (D) | 31 |
| 13. Bee (D) | 13 | 40. Elliott (D) | 6 | 67. Dills (D) | 0 |
| 14. Crown (D) | 0 | 41. Carrell (D) | 8 | 68. Thomas (D) | 13 |
| 15. Petris (D) | 0 | 42. Bane (D) | 0 | 69. Porter (D) | 25 |
| 16. Dahl (R) | 64 | 43. Thelin (R) | 94 | 70. Grant (R) | 69 |
| 17. Rumford (D) | 20 | 44. Kennick (D) | 13 | 71. Cologne (R) | 80 |
| 18. Mulford (R) | 92 | 45. Brown, G. (D) | 0 | 72. Nisbet (D) | 7 |
| 19. Meyers (D) | 0 | 46. Chapel (R) | 76 | 73. Beaver (R) | 59 |
| 20. Burton (D) | 12 | 47. Reagan (R) | 94 | 74. Sumner (R) | 61 |
| 21. Marks (R) | 38 | 48. Lanterman (R) | 88 | 75. Hanna (D) | 15 |
| 22. Busterud (R) | 65 | 49. Flourney (R) | 63 | 76. House (D) | 33 |
| 23. O'Connell (D) | 7 | 50. Cameron (D) | 7 | 77. Hegland (D) | 43 |
| 24. Gaffney (D) | 19 | 51. Munnell (D) | 0 | 78. Luckel (R) | 76 |
| 25. Francis (R) | 87 | 52. Willson (D) | 13 | 79. Mills (D) | 14 |
| 26. Britschgi (R) | 67 | 53. Burke (R) | 80 | 80. Schrade (R) | 81 |
| 27. Coolidge (R) | 75 | 54. Collier (R) | 87 | | |

Published as a public service by **Dr. Ross Pet Food** line . . . Formula 27 dry food, 6 varieties of cat food and 4 flavor Variety Diet. The Index is an invaluable guide for the voter who wants to cast his ballot with intelligence and discrimination, in other words, for the voter who wants to know more about the candidates than just their party labels.

----◆----

If an Indictment does not state facts sufficient to charge the defendant with an offense under a statute, the Court should not pass upon the constitutionality of the statute.[2] The Court will, therefore, first determine whether the Indictment in this case charges the defendant with an offense under 18 United States Code, Section 610.

2. United States v. Congress of Industrial Organizations (1948) 335 U.S. 106, 68 S.Ct. 1349, 92 L.Ed. 1849.

There seem to have been two objectives in the enactment of the statute:

1. To prevent corporations and labor unions with their power and wealth from controlling elections, and

2. To protect the union member from having union officials endorse candidates or attempt to influence voters which may be contrary to the wishes of the individual member.[3]

The Supreme Court infers that an expenditure by a labor union does not come within the purview of the statute if it is not for an activity which constitutes active electioneering but is merely for a publication which simply states the record of particular candidates on economic issues.[4]

■ The Court may consider the facts set out in the Bill of Particulars. The Government is limited to the particulars specified therein.[5] Furthermore, counsel for the Government has advised the Court that it does not intend to present in this case any facts other than those contained in the Indictment and the Bill of Particulars.

■ The advertisement set out in the Bill of Particulars merely "shows the voting record" of each of the incumbent United States Senators and Members of the House of Representatives from California [6] some of whom undoubtedly were candidates for re-election in the primary election mentioned in the Indictment. It employs a rating system to show the percentage of each said incumbent's "votes cast in favor of constitutional principles." The basis of the rating system does not appear. Whatever its basis, it does not run contrary to objective number 1. The Court is of the view that the voting record of said candidates "in favor of constitutional principles" is in the same category as the records of candidates on economic issues. The advertisement does not constitute active electioneering. It merely states the voting records of said candidates "in favor of constitutional principles." Obviously, it was not an attempt to control the election.

■ If the officers of the corporation do not use funds of the corporation to endorse candidates or attempt to influence voters which may be contrary to the wishes of an individual stockholder or if the funds used are not general funds of the corporation but are funds voluntarily provided by the stockholders or are general funds of the corporation so used with the consent of the stockholders, such expenditures do not come within the purview of the statute.[7]

■ The Indictment in this case charges merely that defendant "did unlawfully make an expenditure" in connection with the primary election mentioned. The word "unlawfully" adds nothing to the Indictment. It does not appear whether the advertisement was contrary to the wishes of any stockholder or whether the funds used for its publication were the general funds of the defendant or were funds voluntarily provided by the stockholders or whether the funds used for its publication, if general

---

3. United States v. Anchorage Central Labor Council (1961), D.C., Alaska, 193 F.Supp. 504, 508.
   The Court is of the view that there is no difference between union members and officials and stockholders and officers of corporations in respect to this objective.

4. United States v. International Union United Automobile, Aircraft and Agricultural Implement Workers of America (1957), 352 U.S. 567, 592, 77 S.Ct. 529, 1 L.Ed.2d 563.
   This would also apply to corporations.

5. United States v. Yarus (1961), D.C., N.Y., 198 F.Supp. 425.

6. And others not material to the case at bar.

7. United States v. Congress of Industrial Organizations, supra, 335 U.S. pp. 116 and 123, 68 S.Ct. 1349, 92 L.Ed. 1849. See United States v. International Union United Automobile, Aircraft and Agricultural Implement Workers of America, supra, 352 U.S. p. 592, 77 S.Ct. 529, 1 L.Ed.2d 563, United States v. Painters Local Union No. 481 (1949), 2nd Cir., 172 F.2d 854, and United States v. Anchorage Central Labor Council, supra.

854

funds of the corporation, were used with the consent of the stockholders. It might be that, if there was only one stockholder of the corporation he, or if there were more than one stockholder they, gave consent to the publication of the advertisement, voluntarily furnished the funds used for its publication or gave consent to such use of general funds of the corporation.

The facts alleged in the Indictment, supplemented by the Bill of Particulars, do not come within the purview of the statute. As has been pointed out, the Government does not intend to present any facts other than those contained in the Indictment and the Bill of Particulars.

For the foregoing reasons, the Court holds that no offense is stated. The Court having so held, it will not consider the question of the constitutionality of the statute.

The motion to dismiss is granted and the Indictment is hereby dismissed.